IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEVAN SNEAD, § | | CIVIL NO. 5:16-cv-01134-OLG |
| Individually and on Behalf of All § | | |
| Others Similarly Situated § | | |
|     Plaintiff, § | | |
| § | | COLLECTIVE ACTION |
| VS. § | | |
| § | | |
| EOG RESOURCES, INC., § | | |
|     Defendant. § | | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS OF COUNTERCLAIMS FOR INDEMNIFICATION, BREACH OF CONTRACT, AND UNJUST ENRICHMENT**

Plaintiff Jevan Snead ("Snead" or "Plaintiff") moves pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings of the breach of contract, indemnification, and unjust enrichment counter-claims filed by Defendant EOG Resources, Inc., ("Defendant" or "EOG"). Defendant's counter-claims should be dismissed because:

- Indemnification agreements against employees for FLSA violations are not enforceable;

- Snead did not "breach" his MSA with EOG which purported to designate him (and others similarly situated) as an independent contractor; and

- Unjust enrichment is not an independent cause of action.

**I.      SUMMARY**

Plaintiff filed his Original Complaint on November 10, 2016 alleging, on behalf of himself and others similarly situated, violations of the Fair Labor Standards Act ("FLSA"). Specifically, Defendant improperly classified its employees, in-office logistic

1

coordinators, as independent contractors and paid them a daily rate, in addition to other form(s) of compensation, without any compensation for overtime hours worked. Defendant therefore failed to properly compensate Plaintiff and others similarly situated the overtime premium pay to which they were entitled. (Doc. 1).  Understanding the statute of limitations runs daily for the putative collective action members,[1] Plaintiff promptly filed his Motion for Conditional Certification of a Collective Action on December 9.  (Doc. 5).  Defendant filed its Original Answer on December 9 (after Plaintiff filed his Motion for Conditional Certification).  (Doc. 6).

**Six days later**, Defendant amended its answer to include three counter-claims against Plaintiff Snead for: (1) breach of the Master Service Agreement ("MSA") contract; (2) indemnification pursuant to a provision in the MSA which claims to indemnify "liability… arising out of or incurred of an alleged or actual misclassification or misdesignation of any individual working with contractor;" and (3) unjust enrichment for the "freedom, flexibility, and tax advantages" of being an "independent contractor." (Doc. 8).  All three of these counter-claims are without merit, unenforceable, and inappropriate in the context of a FLSA lawsuit.  For these reasons, Plaintiff now moves for judgment on the pleadings of the counterclaims pursuant to Rule 12(c).

II. **ARGUMENTS & AUTHORITIES**

    A. **Legal Standard For Dismissal Under Rule 12(c).**

---

[1] A collective action brought pursuant to Section 16(b) of the FLSA contains a rather unique "opt in" provision. See 29 U.S.C. § 216(b).  Unlike a Rule 23 class action, each individual potential plaintiff in a collective action must act affirmatively, by providing a written consent, to become a party to the action. *Id.* Claims under the FLSA do not generally relate back to the date of the original filing. *Id.*  Generally, a two-year statute of limitations applies to the recovery of back pay; however, in case of willful violations, a three-year statute of limitations applies. *Id.*

A Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss. *Jebaco, Inc. v. Harrah's Operating Co., Inc*., 587 F.3d 314, 318 (5th Cir. 2009).[2]  To survive the motion, a complaint, or counter claim, must contain sufficient factual matter, accepted as true, to state a claim to relief that is "plausible on its face." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.  The complaint must allege more than labels and conclusions; "a formulaic recitation of the elements of a cause of action will not do." *Id.*  If the well-pled facts do not permit the court, drawing on its judicial experience and common sense, to infer more than the mere possibility of misconduct, then the complaint has not shown that the pleader is entitled to relief. *Id.* at 678-79.

### 1. **Indemnification for an employee's overtime is not enforceable.**

The Fifth Circuit, in addition to other Circuits and courts, has held an employer cannot not sue for indemnification from its employees who were allegedly responsible for the FLSA violations. *See*, *e.g.*, *Lozano v. W. Concrete Pumping, Inc.,* 2016 WL 4444907, at *5–6 (W.D. Tex. Aug. 23, 2016); *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 143 (2d Cir. 1999); *Quintana v. Explorer Enterprises, Inc.*, 2010 WL 2220310, at *1–3 (S.D. Fla. June 3, 2010).  In fact, even, the case EOG attached to its Amended Answer analyzes the Fifth Circuit precedent prohibiting Employers seeking indemnification from employees in an FLSA context.

> In *LeCompte v. Chrysler Credit Corporation*, 780 F.2d 1260 (5th Cir. 1986), the Fifth Circuit held that an employer could not sue for

---

[2] See also Fed. R. Civ. P. 12(h)(2)  ("Failure to state a claim upon which relief can be granted…may be raised…(B) by a motion under Rule 12(c)…").

> indemnification from its supervisory, middle-management employees who were allegedly responsible for the FLSA violations. The Court held that reliance on state law, "applied as a de facto amendment to the Fair Labor Standards Act, would conflict with its mandate" insofar as the FLSA has no cause of action for indemnity by an employer against employees who violate the Act. *Id*. at 1264. It reasoned that "[c]reation of a state-law based indemnity remedy on behalf of employers would not serve the congressional purpose of creating and maintaining minimum standards of employment through the national economy" but, "[o]n the contrary, an employer who believed that any violation of the overtime or minimum wage provisions could be recovered from its employees would have a diminished incentive to comply with the statute and might be inclined to close its eyes, as [Defendant] did here, to the excessive zeal of middle-management personnel." *Id*. The Court further reasoned that allowing indemnification from employees would "deprive them of overtime compensation to which the federal statute otherwise entitles them." *Id.*

*Quoting from Itzep v. Target Corp*., 2010 U.S. Dist. LEXIS 55185, at *67-68 (W.D. Tex. June 4, 2010).

As such, even if the facts presented in EOG's Amended Answer were taken as true, they could not recover against Snead under an indemnification theory.

### 2. **Breach claim attempts what is impermissible under indemnification.**

EOG's breach of contract claim attempts to do what it knows it cannot do through its first counterclaim for indemnification. Specifically, EOG claims Snead was required under his MSA "to perform the work while complying with all federal, state and local laws, which includes complying with laws regarding overtime and minimum wages. EOG denies all liability. In the event, however, the Court or a jury decides that EOG violated any laws as alleged by Snead, Snead is responsible and will have breached his contract with EOG." (Doc. 8, ¶¶ 32-33). An employer is responsible for ensuring compliance with the FLSA, not the employee. *See* 29 U.S.C. § 201 *et seq*. Just as an employee cannot be liable to its employer for the employer's FLSA violations through an indemnification theory, an employee cannot be liable to its employer <u>for the employer's same FLSA violations</u>

4

through a breach of contract theory.  Allowing such liability would, in effect, permit all employers to simply insert a contractual requirement similar to the one at issue here in any employment contract and then provide employers a basis to point the finger at employees for any of the employer's FLSA violations.  Thus, the Court should dismiss with prejudice EOG's breach of contract claim against Snead.

### 3. EOG has no claim for unjust enrichment.

EOG's third counterclaim against Snead alleges he "enjoyed" the "benefits" of being an independent contractor, "including but not limited to, the freedom, flexibility, and tax advantages of such a relationship" and should he "prevail in his claim, he will be substantially and unjustly enriched at the expense of EOG, which will be substantially and unjustly harmed by Snead."  (Doc. 8, ¶¶ 36, 38).

#### a. Unjust enrichment is not a cause of action.

EOG's counterclaim for unjust enrichment should be dismissed because "the courts in the Fifth Circuit and a number of Texas courts in examining the case law have concluded that **rather than an independent cause of action**, it is a 'theory of liability that a plaintiff can pursue through several equitable causes of action…'" *ED&F Man Biofuels, Ltd. v. MV Fase*, 728 F.Supp.2d 862, 869 (S.D. Tex. 2010) (emphasis added).  As the court in *ED&F Man Biofuels* explains, "[t]he unjust enrichment doctrine applies the principles of restitution to disputes which for one reason or another are not governed by a contract between the contending parties. *See Lonestar Steel Co. v. Scott*, 759 S.W. 2d 144, 154 (Tex. App.—Texarkana 1988, writ denied). When a defendant has been unjustly enriched by the receipt of benefits in a manner not governed by contract, the law implies a contractual obligation upon the defendant to restore the benefits to the plaintiff. *Barrett v. Ferrell*, 550

5

S.W. 2d 138, 143 (Tex. Civ. App.-Tyler 1977, writ ref'd n.r.e.); 42 C.J.S. *Implied and Constructive Contracts* § 5. Unjust enrichment is typically found under circumstances in which one person has obtained a benefit from another by fraud, duress or the taking of undue advantage. *Heldenfels Bros., Inc. v. Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)." *ED&F Man Biofuels,* 728 F.Supp.2d at 870 (quoting *Burlington Northern Railroad Co. v. Southwestern Electric Power Co.*, 925 S.W.2d 92, 96-97 (Tex. App.—Texarkana 1996)).

### b. *No unjust enrichment for too much alleged "freedom" & "flexibility."*

EOG's counterclaim for unjust enrichment should be dismissed because there is simply no cause of action for unjust enrichment of more "freedom" and "flexibility" than Snead would have had if he was properly classified. This is especially true since Snead's schedule was 12 hours per day, 7 days per week and he was on call 24 hours per day, 7 days per week. (*See* Doc. 1, ¶ 11).

### c. *EOG received the tax advantage, not Snead.*

Finally, EOG's misclassification of Snead (and other similarly situated logistics coordinators) did not unjustly enrich Snead in terms of his taxes. In fact, EOG was the one who gained tax advantages by passing off its payroll tax liabilities to Snead (and all of the others misclassified in-office logistics coordinators).[3]

Even if unjust enrichment is an independent cause of action, and even if the facts presented in EOG's Amended Answer were taken as true, EOG cannot recover under an

---

[3] https://www.irs.gov/uac/irs-warns-businesses-individuals-to-watch-for-questionable-employment-tax-practices "IRS Warns Businesses, Individuals to Watch for Questionable Employment Tax Practices," IR-2004-47, April 5, 2004 ("Sometimes employers incorrectly treat employees as independent contractors to avoid paying employment taxes. Generally if the payer has the right to control what work will be done and how it will be done, the worker is an employee. Employers who misclassify employees as independent contractors (and are not eligible for relief under Section 530 of the Revenue Act of 1978) will be liable for the employment taxes on wages paid to the misclassified worker and subject to penalties."), revised August 18, 2012.

unjust enrichment theory because there are no damages or "benefit" for EOG to recoup from Snead.  Accordingly, the claim should be dismissed.

### 4. EOG mischaracterizes *Itzep*.

Defendant EOG referenced and attached the *Itzep v. Target* opinion to its Amended Answer to support the proposition that claims for breach of contract, indemnification, and unjust enrichment are permissible counter-claims to bring against a plaintiff-employee who has signed an Independent Contractor agreement.  *Itzep v. Target Corp.*, 2010 U.S. Dist. LEXIS 55185, at *32-35 (W.D. Tex. June 4, 2010).  Importantly, in *Itzep* Target did not counter-claim against plaintiff-employees for breaching their agreements to be independent contractors, but rather cross-claimed against a <u>Joint Employer</u> (Jim's Maintenance) for failing to pay its cleaning staff as employees and failing to compensate them in a way that complied with the FLSA as they had expressly agreed to do in a contract. *Id.* (emphasis added).  Here, EOG has sued Snead, a misclassified employee who worked exclusively for EOG—usually working 7 days per week—for over two years, presumably for failing to pay himself overtime.  (Doc. 8).  As discussed above, none of these causes of actions are plausible on their face.

### B.     Counter-claims Are Inappropriate In An FLSA Context.

Counter-claims and set-offs generally are not permitted in FLSA cases.  *See Jones v. JGC Dall, LLC,* 2012 U.S. Dist. LEXIS 133867, at *13 (N.D. Tex. Aug. 17, 2012).  "To clutter [FLSA] proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act." *Brennan v. Heard*, 491 F.2d 1, 2 (5th Cir. 1974)*; see also Donovan v. Pointon*, 717 F.2d 1320, 1323 (declining to address employer's counterclaim for tortious sabotage in employee's FLSA suit); *Hodgson v. Lakewood Broad.*

*Serv.*, 330 F. Supp. 670, 673 (D. Colo. 1971) (declining to allow set-off or counterclaim against Secretary for employee's breach of employment contract); *quoting Martin v. PepsiAmericas, Inc*., 628 F.3d 738, 741-42 (5th Cir. 2010).  As such, EOG's counterclaims should be dismissed.

### III.     CONCLUSION.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Judgment on the Pleadings and dismiss EOG's Counterclaims for Indemnification, Breach of Contract, and Unjust Enrichment.  Plaintiff respectfully requests all other and further relief to which he may be entitled.

**RESPECTFULLY SUBMITTED,**

*/s/ Michael A. Starzyk.*_____
**Michael A. Starzyk**
Texas Bar No. 00788461
Federal ID No. 16926
mstarzyk@starzyklaw.com
**April L. Walter**
TX Bar No. 24052793
Federal ID No. 713287
awalter@starzyklaw.com
**Matthew S. Yezierski**
TX Bar No. 24076989
Federal ID No. 1644136
myezierski@starzyklaw.com
**Megan M. Mitchell**
TX Bar No. 24073504
Federal ID No. 2174572
mmitchell@starzyklaw.com
**Starzyk & Associates, P.C.**
10200 Grogans Mill Rd, Suite 300
The Woodlands, Texas 77380
Telephone:  (281) 364-7261
Facsimile:  (281) 364-7533

COUNSEL FOR PLAINTIFF JEVAN

**S**NEAD, AND **A**LL **O**THERS
**S**IMILARLY **S**ITUATED

## **CERTIFICATE OF CONFERENCE**

I certify that I have conferred with counsel for Defendant regarding this Motion and that Defendant is opposed to this Motion.

            /Michael A. Starzyk/_____

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2017, I served the foregoing on the following in accordance with the Federal Rules of Civil Procedure:

**M. Carter Crow**
carter.crow@nortonrosefulbright.com
**Kimberly Cheeseman**
kimberly.cheeseman@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel: (713) 651-5151
Fax: (713) 651-5246

            /Michael A. Starzyk/_____
            Michael A. Starzyk