IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEVAN SNEAD, | § | CIVIL NO. 5:16-cv-01134-OLG |
| Individually and on Behalf of All | § | |
| Others Similarly Situated | § | |
|     Plaintiff, | § | |
| | § | COLLECTIVE ACTION |
| VS. | § | |
| | § | |
| EOG RESOURCES, INC., | § | |
|     Defendant. | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS OF DEFENDANT'S COUNTERCLAIMS (INDEMNIFICATION, BREACH OF CONTRACT & UNJUST ENRICHMENT)**

Plaintiff submits this Reply to Defendant's Response (Doc. 17) to Plaintiff's Motion for Judgement on the Pleadings of Defendant's Counterclaims for Indemnification, Breach of Contract, and Unjust Enrichment (the "Motion," Doc. 14). Plaintiff's Motion should be granted as Defendant cannot plead plausible counterclaims, because:

1. Counterclaims of this nature are *inappropriate in a FLSA context*;

2. Indemnification for *one's own* overtime pay is not enforceable;

3. Employee status under the FLSA is a determination of *economic reality* (not contract); and

4. Unjust enrichment is *not available* where a written contract exists.

I.    <u>**FIFTH CIRCUIT: COUNTERCLAIMS INAPPROPRIATE IN FLSA ACTION**</u>**.**

The purpose of the FLSA is to maintain "minimum standards of employment throughout the national economy." *LeCompte v. Chrysler Credit Corp*., 780 F.2d 1260, 1264 (5th Cir. 1986). The Fifth Circuit (and other courts) have held that employers accused of violating the FLSA may not bring state law counterclaims of the nature of Defendant's ostensible counterclaims (breach of contract, indemnification, and unjust enrichment), because such claims would "run afoul of the

1

Supremacy Clause of the Constitution, would undermine employers' incentive to abide by the Act, and would differentiate among employees entitled to receive overtime compensation in a way which does not otherwise exist in the statute." *Id.* (affirming district court's dismissal of employer's indemnification counterclaim as impermissible under the FLSA); *see also Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1042 (5th Cir. 2010) (affirming district court's dismissal of employer's breach of contract and fraud claims because such claims should not be addressed in a FLSA action).

Thus, counterclaims and set-offs generally are not permitted in FLSA cases. *See Jones v. JGC Dall, LLC,* 2012 U.S. Dist. LEXIS 133867, at *13 (N.D. Tex. Aug. 17, 2012). "To clutter [FLSA] proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act." *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 741-42 (5th Cir. 2010) (also citing *Brennan v. Heard*, 491 F.2d 1, 2 (5th Cir. 1974); *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983) (declining to address employer's counterclaim for tortious sabotage in employee's FLSA suit) & *Hodgson v. Lakewood Broad. Serv.*, 330 F. Supp. 670, 673 (D. Colo. 1971) (declining to allow set-off or counterclaim against Secretary for employee's breach of employment contract)).

**2.      INDEMNIFICATION FOR OWN OVERTIME NOT ENFORCEABLE.**

Defendant acknowledges employers cannot seek indemnification from its employees in an FLSA action. (Doc. 17, ¶ 4.)  Defendant argues its counterclaim for indemnification should nevertheless persist because Defendant has alleged Snead was an independent contractor, and thus would not be subject to the protections of the FLSA. The court in *Fernandez v. Kinray* considered these very facts and rejected this same argument. *Fernandez v. Kinray*, 2014 U.S. Dist. LEXIS 17954 (E.D.N.Y. Feb. 5, 2014).  Plaintiffs had brought suit for unpaid overtime alleging they had been misclassified as independent contractors. *Id.*  Defendant counterclaimed for indemnification. *Id.*  Plaintiffs filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the

grounds that actions for indemnification are inappropriate in a FLSA context. *Id.* Defendant argued that its counterclaim should not be dismissed, because they had alleged that plaintiffs were independent contractors, not subject to the FLSA. *Id.* The court rejected this notion, writing, "defendants' allegation that plaintiffs are independent contractors, not employees, is **<u>a legal conclusion rather than a factual allegation</u>**. At the motion to dismiss stage, the court is in no way bound to accept as true a threadbare legal conclusion, even one 'couched as a factual allegation.'" *Id.,* at *29. This Court, likewise, should not treat Defendant's alleged legal conclusion of Plaintiff's status as an independent contractor to permit its maintenance of the indemnification claim barred under the FLSA.

3. **<u>EMPLOYEE STATUS DETERMINED BY ECONOMIC REALITIES</u>.**

Defendant relies heavily on its assertion that Plaintiff denied his employee status when he signed the Master Services Agreement ("MSA"). (Doc. 17, ¶ 4.) To determine if a worker is an employee for FLSA purposes, the court considers whether as a matter of **<u>economic reality</u>**[1], the worker is economically dependent upon the alleged employer or is instead in business for himself. *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008). Therefore, the fact Plaintiff signed an Independent Contractor Agreement is not dispositive to the assessment of whether or not he was an independent contractor. *Id.* at 346. "[F]acile labels . . . are only relevant to the extent that they mirror economic reality." *Brock v. Mr. W Fireworks, Inc*., 814 F.2d 1042, 1044 (5th Cir. 1987). Defendant asserts Plaintiff breached his MSA, because "Snead expressly agreed that he would be paid as independent contractor." (Doc. 17, ¶ 25.) The fact Plaintiff signed an

---

[1] To determine whether a worker is an employee or an independent contractor, courts in the Fifth Circuit "generally use as a guide five, non-exclusive factors: (a) the permanency of the relationship; (b) the degree of control exercised by the alleged employer; (c) the skill and initiative required to perform the job; (d) the extent of the relative investments of the worker and the alleged employer; and (e) the degree to which the worker's opportunity for profit and loss is determined by the alleged employer," otherwise known as the economic realities test. *Thibault v. Bellsouth Telecommunications, Inc*., 612 F.3d 843, 846 (5th Cir. 2010).

3

independent contractor agreement has no bearing on the legal conclusion of his employee status under the FLSA.

**4.     UNJUST ENRICHMENT UNAVAILABLE IF THERE IS A CONTRACT.**

As a general rule, the existence of an express contract will foreclose recovery under a quasi-contract theory, like unjust enrichment. *Fortune Prod. Co. v. Conoco, Inc.,* 52 S.W.3d 671, 685 (Tex. 2000) (holding claims for unjust enrichment were foreclosed by existence of written contracts); *TransAmerican Natural Gas Corp. v. Finkelstein*, 933 S.W.2d 591, 600 (Tex. App.—San Antonio 1996, *writ denied*).  Here, Defendant is not contending that a written contract did not exist with Plaintiff, and Defendant even attached Plaintiff's Master Service Agreement as an Exhibit to its Amended Answer.  (Doc. 8-2.)  A cause of action for unjust enrichment should be foreclosed by the existence of this contract.

Even *assuming arguendo* that unjust enrichment is an available cause of action, Plaintiff did not receive any cognizable unjust enrichment in the form of "freedom," "flexibility," or "tax advantages" in being misclassified as an independent contractor that somehow disadvantaged Defendant.  To the contrary, Defendant was benefited in misclassifying Plaintiff – as it was relieved of its duty to pay the employer's share of his payroll taxes.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant his Motion for Judgment on the Pleadings of Counterclaims for Indemnification, Breach of Contract, and Unjust Enrichment.

5

        **RESPECTFULLY SUBMITTED,**

        */s/ Michael A. Starzyk.*_____
        **Michael A. Starzyk**
        Texas Bar No. 00788461
        Federal ID No. 16926
        mstarzyk@starzyklaw.com
        **April L. Walter**
        TX Bar No. 24052793
        Federal ID No. 713287
        awalter@starzyklaw.com
        **Matthew S. Yezierski**
        TX Bar No. 24076989
        Federal ID No. 1644136
        myezierski@starzyklaw.com
        **Megan M. Mitchell**
        TX Bar No. 24073504
        Federal ID No. 2174572
        mmitchell@starzyklaw.com
        **Starzyk & Associates, P.C.**
        10200 Grogan's Mill Rd, Suite 300
        The Woodlands, Texas 77380
        Telephone:  (281) 364-7261
        Facsimile:  (281) 364-7533

        **COUNSEL FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st of February, 2017, I served the foregoing on the following in accordance with the Federal Rules of Civil Procedure:

**M. Carter Crow**
carter.crow@nortonrosefulbright.com
**Kimberly Cheeseman**
kimberly.cheeseman@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel: (713) 651-5151
Fax: (713) 651-5246

/Michael A. Starzyk/_____
Michael A. Starzyk