# EXHIBIT L

IN IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| **JEVAN SNEAD, Individually and On Behalf of Others Similarly Situated** | § § § § | |
| **PLAINTIFF,** | § § | |
| V. | § § | **CIVIL ACTION NO. 5:16-cv-01134-OLG** |
| **EOG RESOURCES, INC.,** | § § § | |
| **DEFENDANT.** | § § | |

**DEFENDANT EOG RESOURCES, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

TO:   Plaintiff Jevan Snead, by and through his Attorneys of Record, Michael A. Starzyk, Starzyk & Associates, P.C., 10200 Grogans Mill Rd., Suite 300, The Woodlands, Texas 77380

        Defendant EOG Resources, Inc. ("Defendant" or "EOG") hereby serves its Objections and Responses to Plaintiff's First Set of Interrogatories.  The following responses are based upon information and documents presently available to and located by Defendant as of the date hereof.  Pursuant to Rule 26(e) of the Federal Rules of Civil Procedures, Defendant reserves the right to supplement its responses upon subsequent discovery of additional relevant, non-privileged information.

EXHIBIT L

Respectfully submitted,

/s/ Carter Crow
M. Carter Crow
State Bar No. 05156500

Kimberly F. Cheeseman
State Bar No.  24082809

Jesika Silva Blanco
State Bar No. 24098428

**NORTON ROSE FULBRIGHT US LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:     (713) 651-5151
Facsimile:      (713) 651-5246
carter.crow@nortonrosefulbright.com

*Attorneys for Defendant EOG Resources, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record in accordance with the Federal Rules of Civil Procedure on April 6, 2017.

Michael A. Starzyk
April L. Walter
Matthew S. Yezierski
Megan M. Mitchell
Starzyk & Associates, P.C.
10200 Grogans Mill Rd., Suite 300
The Woodlands, Texas 77380
Telephone:  (281) 364-7261
Facsimile:  (281) 364-7533
mstarzyk@starzyklaw.com
awalter@starzyklaw.com
myezierski@starzyklaw.com
mmitchell@starzyklaw.com

s/ Kimberly Cheeseman
Kimberly F. Cheeseman

28189885.1                                    - 2 -

EXHIBIT L

## GENERAL OBJECTIONS

1. EOG objects to these interrogatories to the extent that they seek to impose a burden beyond that allowed by the Federal Rules of Civil Procedure.  EOG will respond as required by the Federal Rules or as otherwise directed by the Court.

2. EOG objects to these interrogatories to the extent that, due to their overbroad scope, they might be construed as seeking information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges, doctrines, or immunities.  Accordingly, EOG's written responses will omit any such protected information that might exist.

3. EOG objects to these interrogatories to the extent that they seek documents beyond the applicable statute of limitations of two years.  Any claim for damages arising more than two years before the filing of the lawsuit or opt-in date is barred by the statute of limitations as set forth in 29 U.S.C. § 255(a).

4. In responding to Plaintiff's First Set Of Interrogatories, EOG does not waive or intend to waive but rather intends to preserve and is preserving:

   a. All rights to object on any ground to the use of EOG's written answers, any documents produced by EOG, or their subject matter, in any subsequent proceedings, including the trial of this lawsuit or any other action;

   b. All rights to object on any ground to any further answers;

   c. The right to supplement EOG's written answers to interrogatories prior to trial; and

   d. Any and all privileges and rights under the applicable Federal Rules of Civil Procedure or other statutes, or common law.

5. By responding to these interrogatories, EOG does not waive, and reserves all rights, regarding whether collective treatment of this case is proper.

6. EOG objects to Named Plaintiff Jevan Snead issuing these requests only, and submits that every Plaintiff, in the event anyone joins the lawsuit, does not get a separate set of discovery.

7. In addition to the general objections set forth above, EOG will also state specific objections to the interrogatories where appropriate, including objections that are not generally applicable to each of the specific interrogatories.  By setting forth such specific objections, EOG does not intend to limit or restrict the general objections set forth above.

8. EOG objects to the extent the interrogatories seek information outside the scope of the class definition pled in Named Plaintiff Jevan Snead's Original Complaint and outside the scope of the class definition conditionally certified by the Court.

EXHIBIT L

9.  EOG objects to the phrase "similarly situated in-office logistics coordinators" used throughout the requests because Named Plaintiff Jevan Snead is not "similarly situated" to any other in-office logistics coordinators.

10. EOG objects to the extent the interrogatories seeks information about putative class members who have not joined the lawsuit.

Subject to and without waiving the general objections, each of which is hereby incorporated in the specific answer to each interrogatory, EOG responds in writing, and further objects to the interrogatories as follows:

## EOG'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**   Identify any other lawsuits filed against you since January 1, 2010 under the Fair Labor Standards Act and any investigations of you conducted by the U.S. Department of Labor ("DOL") under the Fair Labor Standards Act since January 1, 2010.

For purposes of this Interrogatory, to "identify" means to state for each responsive lawsuit/investigation the following: (a) the court where the lawsuit was filed or DOL office conducting the investigation; (b) the date the lawsuit was filed or date you were given notice of the DOL investigation; (c) the parties involved; (d) the alleged claims/violations under the Fair Labor Standards Act; and (e) the end result of the lawsuit/investigation.

**ANSWER:**   EOG objects to this interrogatory on the grounds that (1) this interrogatory is compound because it contains multiple subparts and seeks information that should be requested through separate interrogatories; (2) this interrogatory is overly broad and not proportional to the needs of the case in that it seeks information from January 1, 2010 to the present, which is a time frame greater than any possible statute of limitations period under the FLSA; (3) this interrogatory is overly broad and not proportional to the needs of the case in that it seeks information regarding any and all EOG work locations, when the Named Plaintiff, the only individual who is part of this suit, provided services to the San Antonio Division only; (4) this interrogatory is overly broad and not proportional to the needs of the case in that it seeks information about any and all FLSA lawsuits or DOL investigations, when the Named Plaintiff, the only individual who is part of this suit, is alleging claims of independent contractor misclassification only; (5) this interrogatory is irrelevant to the claims asserted in this lawsuit; and (6) this interrogatory seeks information equally available to Plaintiff.

Subject to and without waiving the foregoing objections, EOG answers as follows:  EOG has never had a lawsuit or administrative inquiry related to the in-house logistics coordinator position under Shared Services.  For other lawsuits filed in this Division:

1.  Texas Workforce Commission, Austin, Texas regarding Tax Liability of Extech Consulting, LLC and EOG Resources, Inc.

    (a)    Texas Workforce Commission, Austin, Texas

EXHIBIT L

(b)   March 2015

(c)   John L. Gunter; Bailey Cole; Extech Consulting, LLC; EOG Resources, Inc.; Vernado Oil & Gas, LLC; RSP Permian, LLC; Encana Oil and Gas, Inc.; and Neward Energy, LLC

(d)   Alleged independent contractor misclassification of oil field consultants

(e)   On December 22, 2015, Texas Workforce Commission ruled that the consultants working for EOG were independent contractors.  *See* Commission's written Order produced in response to Plaintiff's Requests for Production.

2.  *Hamilton v. EnerSafe, Inc.*, Civil Action No. 15-cv-00965-DAE

(a)   United States District Court, Western District of Texas, San Antonio Division

(b)   November 2015

(c)   Although EOG Resources, Inc. was initially named as a defendant, Plaintiffs have since dropped EOG, and all allegations against it, from the lawsuit.  The remaining parties include:  Jon Hamilton; Cody George; Martin W. Kolodzire; EnerSafe, Inc.; Michael Chad Cunningham; Jason Anderson; Ryan McMillan; Bobby Bennett; and Gryphon Oilfield Services, LLC.

(d)   Alleged independent contractor misclassification of workers who were paid a salary and worked as oilfield technicians, advisors, or consultants

(e)   Pending lawsuit

3.  *Wise v. EOG Resources, Inc.*, Civil Action No. 15-cv-973-OLG (consolidated with *Hamilton*)

(a)   United States District Court, Western District of Texas, San Antonio Division

(b)   November 2015

(c)   Alfredo Wise; Micah Cannady; Ronnie Armstrong, Jr.; Drake Gafford; Gerald Anderson; Albert Lee Doyal; EOG Resources, Inc.; EnerSafe, Inc.; Gryphon Oilfield Services, LLC

(d)   Alleged independent contractor misclassification of individuals who worked as safety technicians, safety specialists, safety advisors, and/or safety consultants

(e)   Pending lawsuit

4.  *Chaumont v. EOG Resources, Inc.*, Civil Action No. 15-cv-1003-OLG (consolidated with *Hamilton*)

(a)   United States District Court, Western District of Texas, San Antonio Division

EXHIBIT L

(b) November 2015

(c) Brandon Chaumont; EOG Resources, Inc.; Oaks Personnel Services, Inc.; Cielo Energy Consulting, LLC

(d) Alleged independent contractor misclassification of individuals who had job duties related to hydrogen sulfide, or poison gas, testing, and safety

(e) Pending lawsuit

5. *Jensen v. EOG Resources, Inc.*, Civil Action No. 17-cv-00114-XR

(a) United States District Court, Western District of Texas, San Antonio Division

(b) February 2017

(c) David M. Jensen; EOG Resources, Inc.

(d) Alleged independent contractor misclassification of individuals who worked as flowback consultants or testers

(e) Pending lawsuit

**INTERROGATORY NO. 2:** State all facts supporting your affirmative defense alleging that, "Any acts or omissions by EOG with respect to the payment of wages were undertaken in good faith reliance on the regulations and interpretations of the Wage Hour (sic) Administration of the United States Department of Labor and/or legal advice or opinions from outside counsel and were based on long-standing industry standards and practices." (Quoting Docs. 6 & 8, *Defendant's Original Answer* and *Defendant's Amended Answer, ¶* 4.)

**ANSWER:** EOG objects to this interrogatory to the extent that it is premature and requires EOG to marshal all of its evidence at this stage of the proceedings. Subject to and without waiving the foregoing objections, EOG submits that (1) its major competitors also utilize independent contractors for services similar to those provided by Named Plaintiff Jevan Snead; (2) the industry has operated using an independent contractor model for many years; (3) no court decisions or Department of Labor findings have determined that the manner in which EOG uses the independent contractors at issue in this case violates the FLSA. To the contrary, the Texas Workforce Commission, Tax Division has issued an order finding that EOG was properly using independent contractors. *See* Texas Workforce Commission, Decision of the Commission Involving Tax Liability produced in response to Plaintiff's First Requests for Production.

**INTERROGATORY NO. 3:** State all facts supporting your affirmative defense that, "Assuming, *arguendo*, Defendant did employ Plaintiff as defined under 29 U.S.C. § 203(e)(1), Plaintiff is exempt from the overtime provisions of 29 U.S.C. § 207 pursuant to the provisions of 29 U.S.C. § 213, including the administrative, executive, profession exemptions, some combination thereof, and/or the highly compensated employee *exemption." (Quoting Docs. 6 & 8,* Defendant's Original Answer *and* Defendant's Amended Answer, ¶ *15.)*

EXHIBIT L

**ANSWER:**   EOG objects to this interrogatory to the extent that it is premature and requires EOG to marshal all of its evidence at this stage of the proceedings.   Subject to and without waiving the foregoing objections, EOG paid Named Plaintiff Jevan Snead more than $100,000 in every year in which he provided services to EOG.   Specifically, EOG paid Snead $138,150.00 in 2014; $143,400.00 in 2015; and $92,965.00 in the eight months he contracted with EOG in 2016.   Snead's job did not require manual labor.   Snead used his own discretion and independent judgment as he supervised the purchase and delivery of oil field supplies.   He had the discretion and authority to bind EOG to hire and pay vendors thousands of dollars for the oil field supplies.   Snead's decisions included matters such as what vendors were the best and cheapest to use in different situations, and he did so based on his independent judgment and evaluation of factors like the cost, the geographic area of the request, the performance and dependability of the vendor, and his working relationship with the vendor.   Snead would then meet with third-party vendors, negotiate prices and other terms with them, and review and approve their invoices for payment.   Snead had the authority to recommend payment or dispute a vendor's invoices.   Snead also set his own work schedule and work location.

**INTERROGATORY NO. 4:**   State all facts supporting your affirmative defense alleging that, "Defendants acted in good faith and with reasonable grounds for believing that Plaintiff's pay complied with all applicable requirements of the FLSA." (Quoting Doc. 7, *Defendants' Answer and Affirmative Defenses,* p. 9, ¶ 60).

**ANSWER:**   EOG objects to this interrogatory to the extent that it is premature and requires EOG to marshal all of its evidence at this stage of the proceedings.   Subject to and without waiving the foregoing objections, EOG submits that Named Plaintiff Jevan Snead is a sophisticated businessman who EOG paid over $100,000 every year in which he provided services to EOG.   EOG negotiated a contract with Snead.   The contract stated that Snead was an independent contractor and not an employee of EOG.   Snead controlled his schedule.   He could work from home or the road, and he often did.   Snead provided his cell phone and data plan, which was the most important tool of the in-house logistics coordinator under Shared Services.   Snead also purchased insurance.   EOG did not train Snead on how to perform his job, nor did EOG exercise control over Snead's decisions.   EOG did not require Snead to keep particular business hours.   Snead had the ability to earn more money by not forwarding his phone, and EOG paid him a full day's rate even if Snead took one brief phone call.   Snead had the ability to perform other work if he chose to do so.   Snead submitted invoices to EOG for his services, and the invoices never contained requests for overtime compensation.   Snead also submitted other documentation to the federal and Texas state government in which he expressly stated that he was an independent contractor and not an employee of EOG.   If the Court decides that Snead was an employee of EOG, then Snead would have been exempt from the overtime requirements of the FLSA, since his primary work was non-manual and related to the management or general business of EOG, and his primary work included the exercise of discretion and independent judgment with respect to matters of significance.   For more information, see also Response to Interrogatory No. 3.

**INTERROGATORY NO. 5:**   Explain why in or about January 2016 Plaintiff and other current and/or former similarly situated in-office logistics coordinators were instructed to return all of their business cards.

EXHIBIT L

**ANSWER:**   EOG objects to the phrase "other current and/or former similarly situated in-office logistics coordinators" because Named Plaintiff Jevan Snead is not "similarly situated" to any other in-office logistics coordinators.  EOG further objects to the extent this interrogatory seeks information pertaining to individuals who are not party to this lawsuit.  Subject to and without waiving the foregoing objections, EOG submits that although it allowed in-office logistics coordinators under Shared Services to have EOG business cards that clearly stated "consultant" or "contractor," EOG stopped this practice in 2016 because it did not want to give any impression internally or to the public that these individuals were EOG employees.

**INTERROGATORY NO. 6:**   Identify all EOG offices where in-office logistics coordinators' services were used and were paid a day rate.

**ANSWER:**   EOG objects to this interrogatory because it amounts to a fishing expedition and seeks information already in Named Plaintiff Jevan Snead's possession because, pursuant to the Court's February 14, 2017 Order, EOG provided Snead with a list of all current and former in-office logistics coordinators under the Shared Services group performing for EOG nationwide.  EOG further objects to this request to the extent it seeks information outside the scope of the class definition pled in Named Plaintiff Jevan Snead's Original Complaint and outside the scope of the class definition conditionally certified by the Court.  Subject to and without waiving the foregoing objections, EOG answers as follows:  The in-office logistics coordinators in the Shared Services group who were paid a day rate were in San Antonio.

EXHIBIT L

## VERIFICATION

STATE OF TEXAS                              §
                                            §
COUNTY OF _Tarrant_                         §


On this day _Bobby W. Sanders_, the affiant appeared in person before a notary public, who knows the affiant to be the person whose signature appears on this document. According to the affiant's statements under oath, the affiant is an authorized representative of and is entitled to make this affidavit on behalf of EOG Resources, Inc., a party in this case; the affiant has read Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories; and the information in these objections and responses to the interrogatories is correct according to the affiant's personal knowledge based on information obtained from other persons, reasonable inquiry, and company business records.



SWORN TO AND SUBSCRIBED before me on this _5th_ day of April, 2017.

_____
Notary Public

LAURIE INFANTE
Notary Public, State of Texas
Comm. Expires 01-22-2020
Notary ID 11349800

28173172.2                          - 9 -

EXHIBIT L

<u>**CERTIFICATE OF SERVICE**</u>

This discovery was served on the following opposing counsel in compliance with Federal

Rule of Civil Procedure on April 6, 2017.

Michael A. Starzyk
April L. Walter
Matthew S. Yezierski
Megan M. Mitchell
Starzyk & Associates, P.C.
10200 Grogans Mill Rd., Suite 300
The Woodlands, Texas 77380
Telephone:  (281) 364-7261
Facsimile:  (281) 364-7533
mstarzyk@starzyklaw.com
awalter@starzyklaw.com
myezierski@starzyklaw.com
mmitchell@starzyklaw.com

_____*s/Kimberly Cheeseman*_____
Kimberly F. Cheeseman

EXHIBIT L