## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| **JEVAN SNEAD, Individually and On Behalf of Others Similarly Situated** | § § § § | |
| **PLAINTIFF,** | § § | |
| **v.** | § § § | **Civil Action No. 5:16-cv-01134-OLG** |
| **EOG RESOURCES, INC.,** | § § § | |
| **DEFENDANT.** | § § § § | |

### DEFENDANT EOG RESOURCES, INC.'S PROPOSED JURY CHARGE

Pursuant to Local Rule 16(e), Defendant EOG Resources, Inc. ("EOG") submits the following proposed jury charge subject to EOG's Motion to Bifurcate Willfulness and Good Faith. By submitting these proposed instructions, EOG does not waive its right to amend or supplement this charge based upon the Court's decisions on pending motions or the evidence presented at trial. EOG further reserves the right to object to the submission of any questions, definitions, and/or instructions for lack of sufficient proof, and the submission of this proposed charge should in no way constitute an admission that the opposing party's theories are legally tenable.

Dated: January 31, 2018

Respectfully submitted,

*/s/ Carter Crow*
M. Carter Crow
State Bar No. 05156500
Kimberly F. Cheeseman
State Bar No. 24082809

**Norton Rose Fulbright US LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone:     (713) 651-5151
Facsimile:     (713) 651-5246
carter.crow@nortonrosefulbright.com

*Attorneys for Defendant EOG Resources, Inc.*

## CERTIFICATE OF SERVICE

This pleading was served on the following opposing counsel in compliance with Rule 5 of the Federal Rules of Civil Procedure on January 31, 2018.

**Counsel for Plaintiffs:**

Michael A. Starzyk
April L. Walter
Matthew S. Yezierski
Megan M. Mitchell
Starzyk & Associates, P.C.
10200 Grogans Mill Rd., Suite 300
The Woodlands, Texas 77380
Telephone:  (281) 364-7261
Facsimile:  (281) 364-7533
mstarzyk@starzyklaw.com
awalter@starzyklaw.com
myezierski@starzyklaw.com
mmitchell@starzyklaw.com

*/s/ Kimberly Cheeseman*
Kimberly F. Cheeseman

# **GENERAL INSTRUCTIONS**[1]

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom.  You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

GRANTED: _____     DENIED: _____

GRANTED AS MODIFIED: _____


_____
UNITED STATES DISTRICT JUDGE
ORLANDO GARCIA

---

[1] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 3.1 General Instructions for Charge.

## <u>BIAS – CORPORATE PARTY INVOLVED[2]</u>

Do not let bias, prejudice or sympathy play any part in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.


GRANTED:  _____       DENIED:      _____

GRANTED AS MODIFIED: _____


_____
UNITED STATES DISTRICT JUDGE
ORLANDO GARCIA

---

[2] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 2.16 Bias—Corporate Party Involved.

## **BURDEN OF PROOF**

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless other instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.  In this case, there are facts that Plaintiff Jevan Snead must prove by a preponderance of the evidence and facts that Defendant EOG Resources, Inc. must prove by a preponderance of the evidence.

If the proof fails to establish the answer to any question by a preponderance of the evidence, you should answer "no" to the question. [3]

GRANTED: _____    DENIED: _____

GRANTED AS MODIFIED: _____

_____
UNITED STATES DISTRICT JUDGE
ORLANDO GARCIA

---

[3] The Fifth Circuit Pattern Jury Instructions does not have an instruction on the scenario when both parties have burdens of proof.  Therefore, these instructions are from the following two FLSA misclassification cases: *Rhodes v. Yumi Ice Cream Co.*, No. 6:14-cv-00218-RP, U.S. District Court, Western District of Texas, "Charge to the Jury" Doc. No. 74 at 2 (Aug. 1, 2017) (Judge Robert Pittman's Charge to the Jury in an FLSA misclassification case), and *Elliott v. Dril-Quip, Inc.*, No. 4:14-1743, U.S. District Court, Southern District of Texas, "Jury Charge" Doc. No. 49 at 2 (Sept. 8, 2016) (Judge Sim Lake's Charge to the Jury in an FLSA misclassification case).

## **WITNESSES**[4]

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he may have, and the consistency or inconsistency of his testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence.  The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

GRANTED: _____     DENIED: _____

GRANTED AS MODIFIED: _____

_____
UNITED STATES DISTRICT JUDGE
ORLANDO GARCIA

---

[4] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 3.4 Witnesses.

## <u>NO INFERENCE FROM FILING SUIT</u>[5]

       The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.


GRANTED: _____     DENIED: _____

GRANTED AS MODIFIED: _____


                          _____
                          UNITED STATES DISTRICT JUDGE
                               ORLANDO GARCIA

---

[5] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 3.6 No Inference from Filing Suit.

## **DEFINITIONS**[6]

Throughout the remainder of these instructions, I refer to the following abbreviated terms, which are defined as follows:

1. "FLSA" refers to the Fair Labor Standards Act
2. "Mr. Snead" or "Plaintiff Snead" refers to Plaintiff Jevan Snead
3. "EOG" or "Defendant EOG" refers to Defendant EOG Resources, Inc.


GRANTED: _____     DENIED: _____

GRANTED AS MODIFIED: _____


_____
UNITED STATES DISTRICT JUDGE
ORLANDO GARCIA

---

[6] *Pineda v. JTCH Apartments, LLC*, No. 3:13-cv-588, U.S. District Court, Northern District of Texas, "Charge to the Jury" Doc. 89 at 6 (Feb. 17, 2015) (using similar definitions in an FLSA independent contractor misclassification case).

## THE FAIR LABOR STANDARDS ACT:  CLAIM FOR OVERTIME [7]

Plaintiff Snead claims that Defendant EOG did not pay him the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.  The FLSA is a federal law that requires an employer to pay minimum wage and overtime wages to eligible employees.  This case strictly involves a claim for overtime wages.  It is unlawful for an employer to require an employee covered by the FLSA to work more than 40 hours in a workweek without paying overtime.

Defendant EOG denies Plaintiff Snead's claims and contends that it did not pay overtime because Mr. Snead was an independent contractor and not an employee.  The FLSA only applies if Mr. Snead was an employee of EOG.   EOG also contends that even if Mr. Snead was an employee, EOG did not have to pay him overtime because Mr. Snead fell under one of the exemptions to the FLSA's overtime requirement.   Specifically, EOG contends that Mr. Snead was exempt under the administrative exemption and/or the highly compensated employee exemption.

To succeed on his claim, Plaintiff Snead must prove each of the following facts by a preponderance of the evidence:

1.  Plaintiff Jevan Snead was an employee of Defendant EOG Resources, Inc. during the relevant period; and

2.  Defendant EOG Resources, Inc. failed to pay Plaintiff Jevan Snead the overtime pay required by law.

**Fact One:   Determining whether Plaintiff Snead was an Employee or an Independent Contractor.[8]**

It is not always clear whether the law considers someone an "employee," and it is not always clear who the law considers someone's "employer." Some people perform services for others while remaining self-employed as independent contractors.

In this case, you must decide whether Plaintiff Jevan Snead was an employee of Defendant EOG or an independent contractor. You should answer this question in light of the economic realities of the entire relationship between the parties. There are a number of factors:

1.  Who controls Mr. Snead's work. In an employer/employee relationship, the employer has the right to control the employee's work, to set the means and manner in which the work is done, and to set the hours of work. In contrast, an independent contractor generally must accomplish a certain work assignment within a desired time, but the details, means, and manner by which the contractor completes that

---

[7] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.24 Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, et seq.); *see also Pineda v. JTCH Apartments, LLC*, No. 3:13-cv-588, U.S. District Court, Northern District of Texas, "Charge to the Jury" Doc. 89 at 6 (Feb. 17, 2015).
[8] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.26 FLSA—Employee or Independent Contractor.

assignment are determined by the independent contractor, normally using special skills necessary to perform that kind of work.

2. How Mr. Snead was paid. An employer usually pays an employee on a time-worked, piecework, or commission basis, and an employer usually provides vacation or sick time, insurance, retirement, and other fringe benefits to the employee. An independent contractor is ordinarily paid an agreed or set amount, or according to an agreed formula, for a given task or job, and no benefits are provided.

3. How much risk or opportunity Mr. Snead has. An independent contractor is generally one who has the opportunity to make a profit or faces a risk of taking a loss. But an employee is generally compensated at a predetermined rate, has no risk of loss, and has social security taxes paid by the employer.

4. Who provides Mr. Snead's tools, equipment, and supplies. An independent contractor usually provides the tools, equipment, and supplies necessary to do the job, but an employee usually does not.

5. How Mr. Snead offers his services.  Independent contractors generally offer their services to the public or others in a particular industry, have procured the necessary licenses for performing their services, and may have a business name or listing in the phone book. Employees ordinarily work for only one or just a few employers, and do not have business names or listings.

6. The intent of Mr. Snead and EOG. The parties' intent is always important. But the description the parties give to their relationship is not controlling. Substance governs over form.

You should consider all the circumstances surrounding the work relationship. An individual who performs services for pay may be either an employee or an independent contractor but cannot be both at the same time. While no single factor determines the outcome, the extent of the right to control the means and manner of the worker's performance is the most important factor.

**Fact Two:  Determining Whether Defendant EOG Failed to Pay Plaintiff Snead Overtime.**[9]

Plaintiff Snead must prove by a preponderance of the evidence that he worked more than 40 hours in any workweek where he performed work, and that Defendant EOG failed to pay him half times his regular rate of pay for the overtime hours he worked.

---

[9] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.24 Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, et seq.); *see also Rhodes v. Yumi Ice Cream Co.*, No. 6:14-cv-00218-RP, U.S. District Court, Western District of Texas, "Charge to the Jury" Doc. No. 74 at 6 (Aug. 1, 2017)*; Ferrara v. 4JLJ, LLC*, No. 2:15-cv-00182, U.S. District Court, Southern District of Texas, "Court's Charge to Jury," Doc. 80 at 5-6 (Sept. 22, 2016).

A "workweek" is a regularly recurring period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business.

If an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of at least .5 times the regular rate for the time he worked after the first 40 hours.  This is commonly known as "half time" for overtime work.

However, EOG does not have to pay any overtime if EOG proves that Plaintiff Snead was "exempt" from overtime.[10]


GRANTED:  _____     DENIED:  _____

GRANTED AS MODIFIED: _____



_____
UNITED STATES DISTRICT JUDGE
ORLANDO GARCIA

---

[10] *Cowart v. Ingalls Shipbuilding, Inc.*, 213 F.3d 261, 263-64 (5th Cir. 2000).

## EXEMPTIONS:  ADMINISTRATIVE EMPLOYEE EXEMPTION[11]

In this case, EOG claims that, even if Plaintiff Snead was an employee of EOG, Plaintiff Snead would have been exempt from the FLSA's overtime provisions under the administrative employee exemption and/or the highly compensated employee exemption.

### Administrative Employee Exemption[12]

With respect to the administrative employee exemption, EOG must prove each of the following facts by a preponderance of the evidence:

1. Snead was compensated on a salary basis, at a rate not less than $455 per week;

2. Snead's primary duty was the performance of office or non-manual work directly related to the management or general business operations of EOG or EOG's customers; and

3. Snead's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

### Fact One:  Salary Basis of at Least $455 per Week

EOG must prove that Snead was compensated on a salary basis of at least $455 per week.

Plaintiff Snead's compensation does not have to be called a "salary" to qualify.[13]

An employee will be considered to be paid on a "salary basis" within the meaning of these regulations if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.[14]  An exempt employee's earnings may be computed on an hourly, daily or a shift basis.[15]

Subject to the exceptions provided below, an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked. Exempt employees need not be paid for any workweek in which they perform no work.[16]  However, deductions from pay may be made when an employee is absent from work for

---

[11] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.24 Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, et seq.).

[12] 29 C.F.R. § 541.200.

[13] *See Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F. Supp. 2d 802, 809 (N.D. Tex. 2009) (explaining plaintiff's compensation could still qualify as a salary even though it was calculated hourly); *see also Souza v. Sunbelt Auto Grp., Inc.*, No. 09–CV–1103, 2010 WL 1381894, at *2 (D. Ariz. April 6, 2010) ("An employee may be labeled as hourly in the employer's books and yet actually qualify as salaried.").

[14] 29 C.F.R. § 541.602(a); see also *See Wilson v. Sys. & Processes Eng'g Corp.*, No. 10-CA-160-SS, 2010 WL 11575616, at *4-5 (W.D. Tex. Oct. 28, 2010) (Sparks, J.); *Anunobi v. Eckerd Corp.*, No. 02-CV-0820, 2003 WL 22368153, at *4-5 (W.D. Tex. Oct. 17, 2003) (Rodriguez, J.).

[15] 29 C.F.R. § 541.604(b); *see also Hughes v. Gulf Interstate Field Services*, 878 F.3d 183 (6th Cir. 2017).

[16] 29 C.F.R. § 541.602(a)(1).

one or more full days for personal reasons.[17]  Furthermore, an employer is not required to pay the full salary in the first or final week of employment.[18]

In making these deductions, an employer may use the hourly or daily equivalent of the employee's full weekly salary or any other amount proportional to the time actually missed by the employee.[19]

## Fact Two:  Primary Duty, Performance of Office or Non-Manual Work

EOG must also prove that Plaintiff Snead's primary duty was the performance of office or non-manual work directly related to the management or general business operations of EOG or EOG's customers.[20]

The term "primary duty" means the principal, main, major, or the most important duty that the employee performs.  Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole. Factors to consider when determining the primary duty of Snead include, but are not limited to, the relative importance of the exempt duties as compared with other types of duties; the amount of time Snead spent performing exempt work; Snead's relative freedom from direct supervision; and the relationship between Snead's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.[21]

An employee's primary duty must be the performance of work directly related to the management or general business operations of the employer or the employer's customers. The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee.[22]

## Fact Three:  Primary Duty, Exercise of Discretion and Independent Judgment

EOG must also prove that Plaintiff Snead's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The term "matters of significance" refers to the level of importance or consequence of the work performed. The phrase "discretion and independent judgment" must be applied in the light of all the facts involved in the particular employment situation in which the question arises.[23]

---

[17] 29 C.F.R. § 541.602(b)(1).
[18] 29 C.F.R. § 541.602 (b)(6).
[19] 29 C.F.R. § 541.602(c).
[20] 29 C.F.R. § 541.201.
[21] 29 C.F.R. § 541.700(a).
[22] 29 C.F.R. § 541.201.
[23] 29 C.F.R. § 541.202.

Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to: whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.[24]

The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision. However, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. Thus, the term "discretion and independent judgment" does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review. The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action. The fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment.[25]

The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources. The exercise of discretion and independent judgment also does not include clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work.[26]

GRANTED: _____     DENIED: _____

GRANTED AS MODIFIED: _____


_____
UNITED STATES DISTRICT JUDGE
ORLANDO GARCIA

---

[24] *Id.*

[25] *Id.*

[26] *Id.*

## EXEMPTION:  Highly Compensated Employee Exemption[27]

With respect to the highly compensated employee exemption, EOG must prove each of the following facts by a preponderance of the evidence:

1.  Snead was compensated on a salary basis, at a rate not less than $455 per week, and total annual compensation was $100,000 or more;

2.  Snead customarily and regularly performed any one or more of the exempt duties or responsibilities of an administrative employee, which are the following:

    a.  The performance of office or non-manual work directly related to the management or general business operations of EOG or EOG's customers;

        Or

    b.  The exercise of discretion and independent judgment with respect to matters of significance.

3.  Snead's primary duty includes performing office or non-manual work.[28]

A high level of compensation is a strong indicator of an employee's exempt status, thus eliminating the need for a detailed analysis of the employee's job duties. Thus, a highly compensated employee will qualify for exemption if the employee customarily and regularly performs any one or more of the exempt duties or responsibilities of an administrative employee, as discussed above.[29]

An employee may qualify as a highly compensated administrative employee, for example, if the employee customarily and regularly performs offices or non-manual work directly related to the management or general business operations of the employer or the employer's customers, even though the employee does not meet all of the other requirements for the administrative exemption like exercising discretion and independent judgment on matters of significance.[30]

The phrase "customarily and regularly," means a frequency that must be greater than occasional but which, of course, may be less than constant.  Tasks or work performed "customarily and regularly" includes work normally and recurrently performed every workweek; it does not include isolated or one-time tasks.[31]

An employee who does not work a full year for the employer, either because the employee is newly hired after the beginning of the year or ends the employment before the end of the year, may

---

[27] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.24 Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, et seq.).
[28] 29 C.F.R. § 541.601.
[29] *Id.*
[30] *See Zannikos v. Oil Inspections (U.S.A.), Inc.*, 605 F. App'x 349 (5th Cir. 2015).
[31] 29 C.F.R. § 541.701.

qualify for the highly compensated employee exemption if the employee receives a pro rata portion of the $100,000 amount based upon the number of weeks that the employee has been employed.[32]

GRANTED: _____   DENIED: _____

GRANTED AS MODIFIED: _____

_____
UNITED STATES DISTRICT JUDGE
ORLANDO GARCIA

---

[32] 29 C.F.R. § 541.601

**FAIR LABOR STANDARDS ACT—WILLFULNESS**[33]

In the event you determine that EOG is liable, you must determine whether Plaintiff Snead has proven that EOG willfully violated the FLSA. The word "willful" has a legal meaning of which I will instruct you in a moment.

If EOG is liable, Plaintiff Snead is entitled to recover overtime pay from the time he stopped working for EOG, back no more than two years before he filed this lawsuit, unless you find EOG's violation to be willful. If you find EOG willfully violated the FLSA, Plaintiff is entitled to recover overtime pay from the time he stopped working for EOG, back no more than three years before the date he filed this lawsuit.[34]

To show willfulness, Plaintiff Snead must prove by a preponderance of the evidence that EOG had actual knowledge that its pay structure violated the FLSA or it showed reckless disregard.[35] Willful refers to conduct that is voluntary, deliberate, and intentional.[36]

Mere knowledge of the FLSA and its potential applicability does not suffice, nor does conduct that is merely negligent or unreasonable.[37] Thus, merely acting negligently or unreasonably is insufficient to establish willfulness.[38] Additionally, a good faith, but incorrect, assumption that a pay plan complied with the FLSA is not enough to show that a violation was willful.[39]

An employer who acts without a reasonable basis for believing that it was complying with the FLSA is merely negligent.[40] So too is an employer who fails to seek legal advice regarding its payment practices.[41]

You should not interpret the fact that I have given instructions about willfulness as an indication in any way that I believe that Plaintiff Snead should, or should not, win this case.[42] It is your task first to determine whether EOG is liable. I am instructing you on the willfulness issue only so that you will have guidance in the event you decide that EOG is liable and that Plaintiff Snead is entitled to recover money from EOG.

---

[33] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.18 ADEA Damages, Willful Charge.

[34] 29 U.S.C. § 255.

[35] 29 U.S.C. § 255; *Zannikos*, 605 F. App'x at 360; *Halferty v. Pulse Drug Co.*, 826 F.2d 2, 3-4 (5th Cir. 1987); *Peters v. City of Shreveport*, 818 F.2d 1148, 1167-68 (5th Cir. 1987).

[36] *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Dalheim v. KDFW-TV*, 706 F. Supp. 493, 511 (N.D. Tex. 1988), *aff'd*, 918 F.2d 1220 (5th Cir. 1990)).

[37] *Zannikos*, 605 F. App'x at 360.

[38] *Id.*; *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 (5th Cir. 1990) (citing *McLaughlin, 486 U.S. at 135*); *see also McLaughlin*, 486 U.S. at 135, n. 13.

[39] *Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F. Supp. 2d 802, 809 (N.D. Tex. 2009) (quoting *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 924 (E.D. La. 2009)).

[40] *Zannikos*, 605 F. App'x at 360.

[41] *Id.*

[42] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.18 ADEA Damages, Willful Charge.

## **INSTRUCTIONS ON DAMAGES**

If you find that Plaintiff Snead was an employee who was non-exempt and owed overtime, then the Court, at a later time, will determine the amount of any damages using your answers to the following questions.  You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Snead has proved he is owed overtime.[43]

To aid the Court in its determination, you must decide how many overtime hours, if any, that Plaintiff Snead has shown he worked without receiving overtime compensation.[44]

Plaintiff Snead's burden is to prove the number of hours he worked by a just and reasonable inference.  If you find that Plaintiff Snead has shown the number of hours worked by a just and reasonable inference, the burden then shifts to the Defendant EOG to come forward with either evidence of the precise amount of work performed or evidence to rebut the reasonableness of the inference to be drawn from the employee's evidence.  If the Defendant EOG fails to produce such evidence, you may then award damages to the Plaintiff Snead, even though the result may be approximate.  Testimony that amounts to mere speculation, however, is insufficient to prove the number of hours worked in a given workweek.[45]

GRANTED:   _____       DENIED:   _____

GRANTED AS MODIFIED: _____

_____
UNITED STATES DISTRICT JUDGE
ORLANDO GARCIA

---

[43] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.24 Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, et seq.); *Bollschweiler v. El Paso Electric Co.*, No. 14-cv-275, U.S. District Court, Western District of Texas, "Court's Instruction to the Jury," Doc. 78 at 15 (Nov. 13, 2015); *see also Pineda v. JTCH Apartments, LLC*, No. 3:13-cv-588, U.S. District Court, Northern District of Texas, "Charge to the Jury" Doc. 89 at 16 (Feb. 17, 2015).

[44] *Pineda v. JTCH Apartments, LLC*, No. 3:13-cv-588, U.S. District Court, Northern District of Texas, "Charge to the Jury" Doc. 89 at 16 (Feb. 17, 2015).

[45] *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-88 (1946); *Von Friewalde v. Boeing Aerospace Ops., Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009).

## DUTY TO DELIBERATE; NOTES[46]

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes.  The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it.  After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.


GRANTED:  _____     DENIED:  _____

GRANTED AS MODIFIED: _____



_____
UNITED STATES DISTRICT JUDGE
ORLANDO GARCIA

---

[46] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 3.7 Duty to Deliberate; Notes.

## **QUESTION NO. 1**[47]

Has Plaintiff Snead proved that he was an employee of Defendant EOG from January 7, 2014 through August 7, 2016?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 1, then proceed to Question No. 2.

If you answered "No" to Question No. 1, then please proceed to the last page and sign and date the verdict form.

GRANTED:   _____       DENIED:       _____

GRANTED AS MODIFIED: _____

_____
UNITED STATES DISTRICT JUDGE
ORLANDO GARCIA

_____

[47] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.24 Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, et seq.); *Pineda v. JTCH Apartments, LLC*, No. 3:13-cv-588, U.S. District Court, Northern District of Texas, "Charge to the Jury" Doc. 89 at 10 (Feb. 17, 2015).

**Question No. 2**[48]

       Has Plaintiff Snead proved that Defendant EOG failed to pay him overtime pay required by law?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 2, then proceed to Question No. 3.

If you answered "No" to Question No. 2, then please proceed to the last page and sign and date the verdict form.

GRANTED: _____   DENIED: _____

GRANTED AS MODIFIED: _____


_____
UNITED STATES DISTRICT JUDGE
ORLANDO GARCIA

---

[48] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.24 Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, et seq.); *Elliott v. Dril-Quip, Inc.*, No. 4:14-1743, U.S. District Court, Southern District of Texas, "Jury Charge" Doc. No. 49 at 11 (Sept. 8, 2016).

## Question No. 3[49]

Has Defendant EOG proved that Plaintiff Snead was exempt from the overtime pay requirement as an administrative employee?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 3, then please proceed to the last page and sign and date the verdict form.

If you answered "No" to Question No. 3, then please proceed to Question No. 4.


GRANTED: _____     DENIED: _____

GRANTED AS MODIFIED: _____


_____
UNITED STATES DISTRICT JUDGE
ORLANDO GARCIA

_____

[49] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.24 Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, et seq.); *Elliott v. Dril-Quip, Inc.*, No. 4:14-1743, U.S. District Court, Southern District of Texas, "Jury Charge" Doc. No. 49 at 11 (Sept. 8, 2016).

**Question No. 4**[50]

Has Defendant EOG proved that Plaintiff Snead was exempt from the overtime pay requirement as a highly compensated employee?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 4, then please proceed to the last page and sign and date the verdict form.

If you answered "No" to Question No. 4, then please proceed to Question No. 5.


GRANTED: _____     DENIED: _____

GRANTED AS MODIFIED: _____


_____
UNITED STATES DISTRICT JUDGE
ORLANDO GARCIA

---

[50] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.24 Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, et seq.); *Elliott v. Dril-Quip, Inc.*, No. 4:14-1743, U.S. District Court, Southern District of Texas, "Jury Charge" Doc. No. 49 at 11 (Sept. 8, 2016).

**Question No. 5**[51]

Has Plaintiff Snead proved that he is entitled to recover damages under the FLSA?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 5, then proceed to Question No. 6.

If you answered "No" to Question No. 5, then please proceed to the last page and sign and date the verdict form.


GRANTED: _____     DENIED: _____

GRANTED AS MODIFIED: _____


_____
UNITED STATES DISTRICT JUDGE
ORLANDO GARCIA

---

[51] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.24 Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, et seq.); *Elliott v. Dril-Quip, Inc.*, No. 4:14-1743, U.S. District Court, Southern District of Texas, "Jury Charge" Doc. No. 49 at 11 (Sept. 8, 2016).

**<u>Question No. 6</u>**[52]

   Did Plaintiff Snead prove that Defendant EOG knew its conduct was prohibited by the FLSA or showed reckless disregard for whether the FLSA prohibited its conduct?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 6, then proceed to Question No. 7.

If you answered "No" to Question No. 6, then proceed to Question No. 7.


GRANTED: _____  DENIED:  _____

GRANTED AS MODIFIED: _____


       _____
       UNITED STATES DISTRICT JUDGE
         ORLANDO GARCIA

---

[52] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.24 Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, et seq.).

**Question No. 8**[53]

Answer for the average number of hours that you believe Plaintiff Snead worked per workweek. These numbers will be used by the Court in calculating how much overtime pay Snead is owed.

Average Hours Per Workweek Worked _____

The foreperson should sign the form of the verdict on the last page.

GRANTED: _____    DENIED: _____

GRANTED AS MODIFIED: _____

_____
UNITED STATES DISTRICT JUDGE
ORLANDO GARCIA

---

[53] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.24 Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, et seq.); *Bollschweiler v. El Paso Electric Co.*, No. 14-cv-275, U.S. District Court, Western District of Texas, "Court's Instruction to the Jury," Doc. 78 at 15 (Nov. 13, 2015); *see also Pineda v. JTCH Apartments, LLC*, No. 3:13-cv-588, U.S. District Court, Northern District of Texas, "Charge to the Jury" Doc. 89 at 16 (Feb. 17, 2015).

29541610.1 - 26 -

## **<u>VERDICT</u>**

We, the jury, return the foregoing as our unanimous verdict.

_____
Date


GRANTED: _____     DENIED: _____

GRANTED AS MODIFIED: _____


_____
UNITED STATES DISTRICT JUDGE
ORLANDO GARCIA