**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JEVAN SNEAD, Individually and On Behalf of Others Similarly Situated** | § § § | |
| **PLAINTIFF,** | § § § | |
| V. | § § § | **CIVIL ACTION NO. 5:16-cv-01134-OLG** |
| **EOG RESOURCES, INC.,** | § § § | |
| **DEFENDANT.** | § § § § | |

**DEFENDANT EOG RESOURCES, INC.'S
OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST**

Pursuant to Local Rule 16(f), Defendant EOG Resources, Inc. ("EOG") files the following

Objections to Plaintiff's Exhibit List, and respectfully shows the Court the following.  EOG reserves

the right to further object to any other exhibits under Federal Rules of Evidence 402 and 403 under

Local Rule 16(f)(2).

| Plaintiff's Exhibit Number | Plaintiff's Exhibit Description | Basis of Objection |
|---|---|---|
| P-28 | Approved Vendor List from December 2015 (Depo. Ex. 28) | EOG objects to P-28 because it is incomplete.  *See* Fed. R. Evid. 106   ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time.").  P-28 is not the complete approved vendor list.  EOG objects and requires Plaintiff to provide the complete attachment of the approved vendor list. |
| P-29 | Approved Vendor List from February 2016 (Depo. Ex. 29) | Same objection as P-28. |

| P-38 | January 2015 E-mail re SA Approval Authority Matrix (Depo. Ex. 38) | EOG objects to P-38 on the basis of relevance, prejudice, and confusion.  *See* Fed. R. Evid. 401, 402, and 403.  This matrix has no relevance as to Plaintiff's claim. It does not meet the two relevancy requirements.  It does not have a tendency to establish whether Plaintiff was an independent contractor or a non-exempt or exempt employee under the FLSA.  It is also of no consequence in determining the issues in the suit.  The matrix is unfairly prejudicial and confusing, especially because the matrix discusses the monetary amounts that EOG management can approve.  Further, when Bobby Sanders was asked about this matrix in his deposition, he stated that Plaintiff did not fit into the matrix because contractors did not have authority to approve invoices.  *See* Depo. Sanders at 206:17-22. |
| P-43 | 10/19/15 E-mail of "Employee List" from Jake Morrison (Depo. Ex. 43) | EOG objects to P-43 on the basis of hearsay to the extent Plaintiff attempts to use the document for the truth of the matter asserted and it does not fall into any exceptions.  EOG also objects to P-43 to the extent Plaintiff claims such document is a statement by EOG. It was not a statement authored by EOG. |
| P-44 | 10/19/15 E-mails of "Employee List" to Tana Bennett (Depo. Ex. 44) | Same objection as P-43. |
| P-45 | 10/20/15 E-mails re "Employee List" with Jake Morrison (Depo. Ex. 45) | Same objection as P-43. |
| P-46 | 2/2/16 E-mail re "Employee List" to Kathy Donaldson (Depo. Ex. 46) | Same objection as P-43. |
| P-58 | San Antonio Daily Morning Report sample from March 2015 (Depo. Ex. 58) | EOG objects to P-58 on the basis of relevance.  *See* Fed. R. Evid. 401, 402.  P-58 is a morning report that contains details regarding EOG's oil and gas operations on that specific day.  It does not meet the two relevancy requirements.  It does not have a tendency to establish whether Plaintiff was an independent contractor or a non-exempt or exempt employee under the FLSA.  It is also of no consequence in determining the issues in the suit. |
| P-60 | Notice of Rule 30(b)(6) Deposition of EOG (Depo. Ex. 60) | EOG objects to P-60 because it is not evidence. Although Plaintiff can ask EOG's Rule 30(b)(6) questions about the deposition notice, the deposition notice itself is not evidence that is submitted to a jury.  *See Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (explaining that pleadings are not evidence). EOG also objects to P-60 on the basis of relevance.  *See* |

| | | Fed. R. Evid. 401. The deposition notice itself does not have a tendency to establish whether Plaintiff was an independent contractor or a non-exempt or exempt employee under the FLSA. It is also of no consequence in determining the issues in the suit. |
|---|---|---|
| P-61 | Plaintiff's Complaint (Depo. Ex. 61) | EOG objects to P-61 because Plaintiff's complaint is not evidence and constitutes hearsay. *See Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (explaining that pleadings are not evidence); *see also* Fed. R. Evid. 802. |
| P-62 | EOG's Answer (Depo. Ex. 62) | EOG objects to P-62 because EOG's answer is not evidence. *See Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (explaining that pleadings are not evidence). EOG objects to this exhibit on the basis that it is not a proper exhibit for the Jury. EOG further objects to this exhibit to the extent that it contains EOG's legal objections. EOG respectfully requests that if this Court allows the exhibit to be admitted into evidence, it should be appropriately redacted so as to omit EOG's legal objections from the exhibit. |
| P-63 | *Bellah*'s Case Docket (Filed Dec. 7, 2010) (Depo. Ex. 63) | EOG objects to P-63 because it is irrelevant, unfairly prejudicial, and inadmissible "prior acts" evidence. *See* Fed. R. Evid. 401-404; *see also Johnson v. Ford Motor Co.*, 988 F.2d 573, 578-81 (5th Cir. 1993) (holding that the district court properly excluded evidence of other lawsuits); *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1465 (5th Cir. 1992) (same); *Carley v. Crest Pumping Techs., LLC*, No. 15-cv-00161, 2016 WL 8849697, at *1 (W.D. Tex. Aug. 21, 2016) (same). |
| P-64 | *Bellah* Complaint (Depo. Ex. 64) | Same objection as P-63. |
| P-65 | *Bellah* Answer (Depo. Ex. 65) | Same objection as P-63. |
| P-66 | *Boudreaux* Case Docket (Filed April 27, 2015) (Depo Ex. 66) | Same objection as P-63. |
| P-67 | *Boudreaux* Complaint (Depo. Ex. 67) | Same objection as P-63. |
| P-68 | *Boudreaux* Answer (Depo. Ex. 68) | Same objection as P-63. |
| P-69 | *Gabrielson* Case Docket (Filed June 24, 2016) (Depo. Ex. 69) | Same objection as P-63. |
| P-70 | *Gabrielson* Complaint (Depo. Ex. 70) | Same objection as P-63. |
| P-72 | *Gabrielson* Answer (Depo. | Same objection as P-63. |

| | Ex. 72) | |
|---|---|---|
| P-73 | *Wise* Case Docket (Filed Nov. 7, 2015) (Depo. Ex. 73) | Same objection as P-63. |
| P-74 | *Wise* Complaint (Depo. Ex. 74) | Same objection as P-63. |
| P-75 | *Chaumont* Case Docket (Filed Nov. 16, 2015) (Depo. Ex. 75) | Same objection as P-63. |
| P-76 | *Chaumont* Complaint (Depo. Ex. 76) | Same objection as P-63. |
| P-90 | EOG's Responses to Plaintiff's First Set of Interrogatories | EOG objects to P-90 on the grounds of relevance, prejudice, and confusion. Fed. R. Evid. 401, 402, 403. EOG objects to this exhibit on the basis that it is not a proper exhibit for the Jury. EOG further objects to this exhibit to the extent that it contains EOG's legal objections. EOG respectfully requests that if this Court allows the exhibit to be admitted into evidence, it should be appropriately redacted so as to omit EOG's legal objections from the exhibit. |
| P-91 | EOG's Responses to Plaintiff's Second Set of Interrogatories. | Same objections as P-90. |
| P-133 | 2014 Annual Report CEO Letter to Shareholders (Bates Snead 3,292-97) | EOG objects to P-122 on the grounds of relevance, prejudice, and confusion. Fed. R. Evid. 105, 401, 402, 403, 901. P-1133 is an Annual Report by EOG to its shareholders that contains significant details regarding the finances of the company. Such information is irrelevant to Plaintiff's claims. Any probative value would be substantially outweighed by the danger of unfair prejudice regarding EOG's financial state and corporate size and the prejudicial effect could not be cured. |
| P-134 | 2015 Annual Report CEO Letter to Shareholders (Bates Snead 3,410-11) | Same objections as P-133. |
| P-135 | Map Distance from 112 Isle View to EOG Office (Bates Snead 5,518) | EOG objects to P-135 on the basis of relevance, authenticity, and hearsay. Fed. R. Evid. 401, 402, 802, 901. P-135 is a Google map print out allegedly showing the distance from an address in McQueeney, Texas to Ridgewood Parkway. This map does not have a tendency to establish whether Plaintiff was an independent contractor or a non-exempt or exempt employee under the FLSA. The map is of no consequence in determining the issues in the suit. The map is also not authenticated and constitutes hearsay to |

| | | the extent it is used for the truth of the matter asserted. |
|---|---|---|
| P-136 | Map Distance from 271 E. Garza to EOG Office (Bates Snead 5,519) | EOG objects to P-136 on the basis of relevance, authenticity, and hearsay.  Fed. R. Evid. 401, 402, 802, 901.  P-136 is a Google map print out allegedly showing the distance from an address in New Braunfels to Ridgewood Parkway.  This map does not have a tendency to establish whether Plaintiff was an independent contractor or a non-exempt or exempt employee under the FLSA.  The map is of no consequence in determining the issues in the suit.  The map is also not authenticated and constitutes hearsay to the extent it is used for the truth of the matter asserted. |
| P-137 | Map to Gruene Hall (Bates Snead 5,544) | EOG objects to P-137 on the basis of relevance, authenticity, and hearsay.  Fed. R. Evid. 401, 402, 802, 901.  P-167 is a Google map print out allegedly showing the distance from an address in New Braunfels to Gruene Hall.  This map does not have a tendency to establish whether Plaintiff was an independent contractor or a non-exempt or exempt employee under the FLSA.  The map is of no consequence in determining the issues in the suit.  The map is also not authenticated and constitutes hearsay to the extent it is used for the truth of the matter asserted. |
| P-138 | Clay Hill Contact Card (Bates Snead 224) | EOG objects to P-138 on the basis of relevance.  *See* Fed. R. Evid. 401, 402.  P-138 the contact card for Clay Hill, who is no party to this lawsuit or a witness.  The contact card does not have a tendency to establish whether Plaintiff was an independent contractor or a non-exempt or exempt employee under the FLSA.  The contact card is of no consequence in determining the issues in the suit. |
| P-139 | File-Stamped Copy of Plaintiff's FLSA Action Consent Form (Bates Snead 43) | EOG objects to P-139 because it is not evidence and constitutes hearsay.  Fed. R. Civ. P. 802.  Although Plaintiff can ask the Court to take judicial notice regarding the date of the consent form or ask Plaintiff questions regarding the date he signed the form, the consent form itself is not evidence that is submitted to a jury.  *See Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (explaining that pleadings are not evidence).  Moreover, the text of the consent form constitutes hearsay.  Fed. R. Civ. P. 802. |
| P-140 | State of Attorneys' Fees and Cost | EOG objects to P-140 on the basis of hearsay.  Fed. R. Evid. 802.  Plaintiff cannot use this statement to prove the truth of the matter asserted regarding his counsel's fees. |
| P-141 | Texas Lawyer Hourly Billing Rate Survey (Bates Snead | EOG objects to P-141 on the basis of authenticity and hearsay.  Fed. R. Evid. 802, 901.  Plaintiff cannot use the |

| | 3,289-91) | article to prove the truth of the matter asserted regarding his counsel's fees.  The article is also not authenticated. |
|---|---|---|
| P-142 | February 1, 2018 EOG e-mail to Contractors with New Master Service Agreement (Bates Snead 5547-5596) | EOG objects to P-90 on the grounds of relevance, prejudice, confusion, and authenticity.  Fed. R. Evid. 401, 402, 403, 901.  This e-mail is dated February 1, 2018, which is approximately seventeen (17) months *after* Plaintiff stopped contracting with EOG.  Therefore, this e-mail has no relevance to Plaintiff's claims in this lawsuit or EOG's actions toward Plaintiff.  The e-mail is also unfairly prejudicial and confusing to the jury because Plaintiff stopped contracting with EOG in August 2016. |

Dated: February 7, 2018

Respectfully submitted,

*/s/ Carter Crow*

M. Carter Crow
State Bar No. 05156500
Kimberly F. Cheeseman
State Bar No.  24082809

**Norton Rose Fulbright US LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:   (713) 651-5151
Facsimile:   (713) 651-5246
carter.crow@nortonrosefulbright.com

*Attorneys for Defendant EOG Resources, Inc.*

## CERTIFICATE OF SERVICE

This pleading was served on the following opposing counsel in compliance with Rule 5 of the Federal Rules of Civil Procedure on February 7, 2018.

**Counsel for Plaintiffs:**

Michael A. Starzyk
April L. Walter
Matthew S. Yezierski
Megan M. Mitchell
Starzyk & Associates, P.C.

10200 Grogans Mill Rd., Suite 300
The Woodlands, Texas 77380
Telephone:  (281) 364-7261
Facsimile:  (281) 364-7533
mstarzyk@starzyklaw.com
awalter@starzyklaw.com
myezierski@starzyklaw.com
mmitchell@starzyklaw.com

                                   _/s/ Kimberly Cheeseman_
                                   Kimberly F. Cheeseman