UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**
FEB 15 2018
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| JEVAN SNEAD, individually and on behalf of all others similarly situated, ) ) ) ) *Plaintiff*, ) ) v. ) ) EOG RESOURCES, INC., ) ) *Defendant*. ) | Civil No. 5:16-CV-1134-OLG |

## ORDER

This case is before the Court on the parties' motions in limine (docket nos. 51, 59, 75, 80) and Defendant's Motion to Bifurcate (docket no. 52). Defendant has not opposed Plaintiff's motions in limine, docket no. 51, and Plaintiff has not opposed items 4-5, 7-9, 11-15, or 17-23 of Defendant's motions in limine. Docket nos. 65, 76, 81. Accordingly, Plaintiff's motions in limine (docket no. 51) are GRANTED as unopposed, and the Defendant's motions in limine are GRANTED IN PART as to the issues to which no opposition has been made (docket no. 59). The Court finds that Defendant's Motion to Bifurcate should be DENIED for the reasons stated in Plaintiff's opposition (docket no. 64). The Court examines the opposed portions of Defendant's motions in limine below.

Item 1 of Defendant's motion in limine seeks to prohibit "[a]ny reference to or mention of any information in any document that has not been admitted into evidence or any statements contained in any such document." Docket no. 80 at 2. Plaintiff objects, arguing that this limitation would prohibit the parties from laying the foundations necessary for the admission of their documentary evidence. Docket no. 65 at 1. The Court notes that Defendant has provided no legal authority or argument in support its motion on this issue, and the Court agrees that

Defendant has not shown why this restriction is necessary, and that, taken literally, it would disrupt the parties' presentation of documentary evidence upon which both parties will likely rely. Accordingly, Defendant's motion in limine is DENIED as to item 1.

Item 2 of Defendant's motion in limine seeks to prohibit "[a]sking any question of EOG's witnesses that would require EOG's attorneys or witnesses to invoke the attorney/client privilege in front of the jury." Docket no. 80 at 2. In response, Plaintiff notes his intent to question EOG Shared Services Manager Bobby Sanders whether he consulted with EOG attorneys regarding Defendant's classification of Plaintiff as an independent contractor rather than an employee. Plaintiff notes that it does not anticipate this question will draw a privilege objection, since Sanders testified in deposition that he had not consulted counsel regarding this issue. Docket no. 65 at 1-2. The Court finds that item 2 of Defendant's motion in limine should be DENIED, but that counsel should endeavor to identify any privilege objections their questioning would be likely to elicit, and should approach the bench before proceeding with their examination.

Item 3 of Defendant's motion in limine seeks to exclude "[a]ny reference to or suggestion regarding EOG's prior affiliation with Enron or the inaccurate statement that EOG stands for 'Enron Oil & Gas.'" Docket no. 80 at 2. In response, Plaintiff argues that it is disingenuous for Defendant to contend that it is an inaccurate statement that EOG stands for Enron Oil & Gas given publicly available materials—including on Defendant's own website—disclosing that EOG formerly operated under that name. However, the Court agrees that Plaintiff has not shown that Defendant's prior corporate name is relevant to Plaintiff's claims or Defendant's defenses, and accordingly finds that Defendant's motions in limine should be GRANTED as to item 3. In the event that Plaintiff seeks to introduce evidence that reveals that EOG formerly operated as Enron Oil & Gas Company, counsel for Plaintiff should approach the bench before presenting it to the jury.

Item 6 of Defendant's motion in limine seeks to exclude "[a]ny reference to allegations, petitions, complaints or claims made against EOG in any other lawsuits." Docket no. 80 at 2. Item 26 of Defendant's motions in limine seeks to exclude "[a]ny reference to any cross claims, counterclaim, or third-party claim filed in this lawsuit or any other lawsuit by EOG." Docket no. 80 at 6. Plaintiff objects to these items, arguing that evidence of previous lawsuits filed against EOG alleging employee/contractor misclassification, and evidence of the counterclaims that EOG asserted against Plaintiff in this case and against other FLSA plaintiffs in previous litigation is relevant to the question of EOG's willfulness. Docket nos. 65 at 3; 81.

Defendant argues that this evidence should be excluded because it is irrelevant and unfairly prejudicial "prior acts" evidence. Docket no. 80 at 2. Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" but that "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The Fifth Circuit has formulated three factors that apply to the determination of whether evidence of prior acts is admissible: "(1) relevance to an issue other than character, (2) probative value outweighing the potential for prejudice, and (3) proof that the offense was in fact committed." *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1465 (5th Cir. 1992) (citing *Dial v. Travelers Indem. Co.*, 780 F.2d 520, 523 (5th Cir. 1986)). The Court agrees with Defendant that—even if the prior litigation that Plaintiff seeks to introduce involved claims of misclassification asserted by plaintiffs who worked in similar positions as the Plaintiff in this case—it would not be admissible to prove that Defendant misclassified Plaintiff. The parties are in agreement that the prior litigation that Plaintiff seeks to introduce did not result in any judgment or finding of liability, but that the parties settled their claims on terms that have not

been disclosed to the Court. *Compare Harrell*, 951 F.2d at 1465 (nonfinal judgment was "entitled to even less probative value"). And it is unclear how the prior claims of other former EOG workers are relevant to Plaintiff's contention that Defendant misclassified him aside from the contention that EOG has a "character" of violating the FLSA and misclassifying workers. *See, e.g.*, docket no. 65 at 3 (arguing that prior litigation is relevant to show "Defendant's business model of misclassifying workers as contractors").

However, the Court also agrees with Plaintiff that this prior litigation is relevant to other issues in this case, such as whether Defendant may avail itself of the good faith defense and whether any FLSA violation that may be found by the Court was willful. In order to establish willfulness, Plaintiff bears the burden of showing that Defendant "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute[.]" *Zannikos v. Oil Inspections (U.S.A.), Inc.*, 605 Fed. App'x. 349, 360 (5th Cir. 2015) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). This showing has been satisfied where "the evidence demonstrated that an employer actually knew its pay structure violated the FLSA or ignored complaints that were brought to its attention." *Zannikos*, 605 Fed. App'x. at 360 (citing *Ikossi-Anastasiou v. Bd. of Supervisors of Louisiana State Univ.*, 579 F.3d 546, 553 & n.24 (5th Cir. 2009)). Evidence of the misclassification and unpaid overtime complaints lodged by other former EOG workers is relevant to Plaintiff's showing that, rather than investigating the merits of those complaints, EOG attempted to employ an indemnity clause and counterclaims to shift any FLSA liability onto its employees.[1] *Compare Ikossi-Anastasiou*, 579 F.3d at 553 (no finding

---

[1] As the Court noted in a previous Order, in a case such as this one where EOG faced a FLSA claim asserted by an individual putative contractor who had not himself employed anyone, the use of such an indemnity clause as the basis for a counterclaim could operate only to make an employee liable for their employer's FLSA violation—a clearly illegal and unenforceable result—since a finding that the worker was in fact a contractor not covered by FLSA would result in no FLSA recovery for the worker to indemnify. Docket no. 21 at 2-5.

of willfulness where "Ikossi has not provided evidence that LSU . . . ignored or failed to investigate Ikossi's complaints."). Evidence of those prior complaints is relevant to the willfulness issue, and does not become inadmissible merely because the prior complainants asserted them in a lawsuit rather than, or in addition to, raising them with EOG directly. And the relevance of prior complaints is not limited, as Defendant argues, to workers who had precisely the same title or job duties as Plaintiff as long as those cases presented the same legal issue of contractor/employee misclassification in violation of FLSA. *Lipnicki v. Meritage Homes Corp.*, 3:10-CV-605, 2014 WL 923524, at *11 (S.D. Tex. Feb. 13, 2014) ("prior FLSA litigation against defendants regarding the same legal issue" can support a finding of willfulness) (discussing cases). However, the focus of the willfulness determination is not on the merits of previous classification determinations, but on the adequacy of the Defendant's practices for addressing complaints relating to the same claimed FLSA violation. *Compare Reich v. Bay, Inc.*, 23 F.3d 110, 117 (5th Cir. 1994) (assessing willfulness on the basis of "the overtime payment practices of [defendant]" without reference to particular positions or job titles).

The Court accordingly finds that items 6 and 26 of Defendant's motions in limine should be DENIED. However, the Court notes that, while the existence of prior FLSA litigation against EOG, and the existence of EOG's counterclaim against Plaintiff in this case and against other FLSA plaintiffs asserting misclassification claims is relevant to the issue of willfulness, the focus of the willfulness inquiry is not on the merits of those complaints, but on the manner in which Defendant responded to them—whether by taking measures to assess its FLSA compliance, or by ignoring the complaints or exhibiting reckless disregard for the possibility that it was violating the FLSA. Accordingly, it is not necessary for the parties to present extensive evidence or conduct "mini-trials" regarding the merit, or lack thereof, of the prior allegations of FLSA violations embodied in the complaints asserted by former EOG workers.

Item 10 of Defendant's motions in limine seeks to exclude "[a]ny damages categories not previously computed as required by Fed. R. Civ. P. 26(a)(1)(A)(iii)." Docket no. 80 at 4. In response, Plaintiff notes that it has previously alerted the Court and Defendant that the damages computation it disclosed pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii) would be impacted if the Court determined that a one-half multiplier—rather than a one-and-one-half multiplier—is applicable for calculating any unpaid overtime. Plaintiff states that, in the event that the Court determines a one-half multiplier applies, Plaintiff would input that rate into the previously disclosed spreadsheet and disclose the updated demonstrative exhibit within 24 hours. The Court finds that item of 10 of Defendant's motions in limine should be GRANTED, but that introduction of a computation of any unpaid overtime using a lower multiplier—in the event that the Court finds a lower multiplier to be legally required—would not constitute a new "category of damages" within the meaning of Fed. R. Civ. P. 26(a)(1)(A)(iii), and would therefore not be excluded.

Item 16 of Defendant's motions in limine seeks to exclude "[a]ny comment or suggestion that implies any difference in financial status between Defendant and Plaintiff that is intended to suggest that Defendant is entitled to less consideration than Plaintiff." Docket no. 80 at 4. In response, Plaintiff argues this portion of Defendant's motion should be denied because such evidence would be relevant to a determination of "the extent of the relative [financial] investments of the worker and the alleged employer[.]" Docket no. 65 at 8. The Court agrees that comments referencing differences in financial status that are "intended to suggest that Defendant is entitled to less consideration than Plaintiff" would not be relevant to Plaintiff's claims or Defendant's defenses, and should therefore be excluded. Accordingly, the Court finds that item 16 of Defendant's motion in limine should be GRANTED. However, the Court also finds that such comments are distinct from the evidence Plaintiff may use to show the relative investments

of the parties, a factor which is relevant to the question of whether Plaintiff was an independent contractor or an employee, and which focuses not on the relative financial status of the parties, but on the respective contributions the parties made "to the specific job the employee undertakes." *Thibault v. Bellsouth Telecommunications, Inc.*, 612 F.3d 843, 847 (5th Cir. 2010). This Order accordingly does not prohibit Plaintiff from offering evidence on the relative investments factor.

Item 24 of Defendant's motions in limine seeks to exclude "[a]ny mention or reference to alleged FLSA violations by EOG that are not pleaded in Plaintiff's complaint." Docket no. 80 at 5. Plaintiff notes that it intends to produce evidence that Defendant violated FLSA's recordkeeping requirements, 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a), a FLSA violation that, although it does not provide a private cause of action and therefore does not support any claim for entitlement to relief that Plaintiff asserts, is nonetheless relevant because it activates a burden-shifting framework for evaluating unpaid overtime damages. Docket no. 65 at 10-11 (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946)). The Court agrees that references to FLSA violations not previously pleaded are not relevant to Plaintiff's claims or Defendant's defenses and should therefore be excluded, and finds that item 24 of Defendant's motions in limine should therefore be GRANTED. However, the Court also finds that evidence that Defendant violated FLSA's record-keeping requirements, though not separately pleaded in Plaintiff's complaint, are nonetheless relevant to the unpaid overtime claim that Plaintiff has pleaded, and such evidence is therefore not excluded by this Order. Likewise, this determination does not exclude evidence of prior FLSA complaints asserted against EOG by former workers, and counterclaims asserted against EOG by those workers, that is relevant to the issue of willfulness, discussed above.

Item 25 of Defendant's motions in limine seeks to exclude "[a]ny improper hypotheticals or questions eliciting legal conclusions regarding the salary basis." Docket no. 80 at 5. Given that the Court has determined as a matter of law in its Order on Plaintiff's Partial Motion for Summary Judgment that Plaintiff was not paid on a salary basis, docket no. 83 at 4-8, and evidence regarding this issue will no longer need to be presented, the Court finds that this portion of Defendant's motions in limine should be DENIED as moot.

## Conclusion and Order

It is therefore ORDERED that:

Plaintiff's Motions in Limine (docket no. 51) is GRANTED;

Defendant's Motion to Bifurcate (docket no. 52) is DENIED;

Defendant's Motion in Limine and Amended Motion in Limine (docket nos. 59, 75) are DENIED AS MOOT; and

Defendant's Second Amended Motion in Limine (docket no. 80), consistent with the foregoing discussion, is GRANTED IN PART as to items 3, 10, 16, and 24, and denied in part as to all other relief sought.

SIGNED this 15 day of February, 2018.

ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE