IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEVAN SNEAD, Individually and On Behalf of Others Similarly Situated | § § § § | |
| PLAINTIFF, | § § | |
| V. | § § | CIVIL ACTION NO. 5:16-cv-01134-OLG |
| EOG RESOURCES, INC., | § § § | |
| DEFENDANT. | § § § | |

**DEFENDANT EOG RESOURCES, INC.'S
RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* (Doc. 97)**

Defendant EOG Resources, Inc. ("EOG") files the following Response to Plaintiff's Motion *in Limine* (Doc. 97), filed on February 18, 2018, and respectfully shows the Court the following.

Plaintiff seeks to *limine* out any comments from other Instagram users within Defendant's Exhibits D-12 through D-30. Plaintiff argues that "[s]uch comments from other individuals are inadmissible hearsay" and requests for the comments to be redacted.

**Response**: Plaintiff's motion *in limine* should be denied. Only five exhibits within the cited exhibit range contain comments by other Instagram users—Exhibits D-16, D-27, D-28, D-29, and D-30. EOG addresses each exhibit below.

**D-16**

As a threshold matter, Plaintiff's comments contained in D-16 are admissions by a party opponent and not hearsay. *See* Fed. R. Evid. 801(d)(2).

As for the comment "[s]ee you out there tomorrow" by Instagram user "zhrutland" and Plaintiff's response of "give me a shout then" are statements of "the declarant's then-existing statement of mind (such as motive, *intent, or plan*)" and therefore an exception to the hearsay rule.

29615273.1

*See* Fed. R. Evid. 803(3) (emphasis added). Zhrutland's comment along with Plaintiff's response are a classic "Hillmon" hearsay exception, which authorizes evidence of intent of future conduct. *See Mutual Life Ins. Co. v. Hillmon*, 145 U.S. 285, 295-300 (1892); *Great Am. Indem. Co. v. McCaskill*, 240 F.2d 80, 82 (5th Cir. 1957) ("The admission of the testimony of the decedent's declaration of his intention to make the trip to Austin and the purpose for which he was going was proper under a well recognized exception to the hearsay rule."); *see also Sheldon v. Barre Belt Granite Employee Union Pension Fund*, 25 F.3d 74, 79-80 (2nd Cir. 1994) (allowing in testimony that the plaintiff had asked another individual to take him to the union office to apply for a pension in a suit where the pension contended that the plaintiff did not apply for benefits).

The two other comments by Instagram user "molsen6" and "statefarmgreg" are not hearsay. Molsen6 tags someone named "jimcaswell" to the post. Statefarmgreg states, "Jealous! My fave tournament." A statement by an out of court declarant is not hearsay simply because the statement is made out of court. The statement must be offered *for the truth of the matter asserted*. Fed. R. Evid. 801(c). EOG is not using these comments for the truth of the matter asserted—for instance, EOG is not using this comment to establish that this golf tournament is statefarmgreg's favorite tournament. According, these comments are not hearsay.

**D-27**

All comments contained in Exhibit D-27 are not hearsay. The comments by Instagram user "megangriffiin" and "laurenmgriffin" are not hearsay because EOG is not offering them to prove the truth of whether Plaintiff was dating the female depicted in the photos. As explained above, a statement by an out of court declarant is not hearsay simply because the statement is made out of court. It must be offered for the truth of the matter asserted. Fed. R. Evid. 801(c).

Instagram user "keelyleonard" states, "Do you two ever work?" This question is also not hearsay because it is not an assertion. As the Fifth Circuit has explained:

> The Federal Rules of Evidence define hearsay as 'a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.' Fed. R. Evid. 801(c). A 'statement' is then defined as an oral or written assertion or nonverbal conduct intended as an assertion. Fed. R. Evid. 801(a). The effect of this definition is to remove from the operation of the hearsay rule 'all evidence of conduct, verbal or nonverbal, not intended as an assertion.' . . . While 'assertion' is not defined in the rule, the term has the connotation of a positive declaration. . . . . **The questions asked by the unknown caller, like most questions and inquiries, are not hearsay because they do not, and were not intended to, assert anything**. . . . .
>
> Appellants argue that while the questions in this case are not direct assertions, there are certain assertions implicit in the questions. For example, they argue that implicit in the question 'Did you get the stuff?' is an assertion that Lewis and/or Wade were expecting to receive some 'stuff'. However, Rule 801, through its definition of statement, forecloses appellants' argument by removing implied assertions from the coverage of the hearsay rule. . . . Accordingly, we conclude that because the questions asked by the unknown caller were not assertions, the questions were not hearsay, and the district court properly allowed Officer Price to repeat them in his testimony.

*United States v. Lewis*, 902 F.2d 1176, 1179 (5th Cir. 1990) (emphasis added) (citations omitted). Moreover, as the Fifth Circuit explained, any argument that there is an implied assert is foreclosed by Rule 801.

Even assuming this question was a statement, EOG is offering it for the other purpose that EOG did not control Plaintiff' schedule, including a lack of control over Plaintiff while he was on call, and that Plaintiff had freedom to perform the job wherever he wanted. Out of court statements offered for another purpose are not hearsay. Fed. R. Evid. 801(c); *see also United States v. Johnston*, 127 F.3d 380, 394 (5th Cir. 1997) ("Out-of-court statements offered for another purpose . . . are not hearsay."). Fed. R. Evid. 801(c).

### D-28

The one comment by Instagram user "clairekmartin" is not hearsay. It is not being used for the truth of the matter asserted regarding whether Plaintiff's "Baecation" was "ver'nice."

### D-29

The one comment by Instagram user "caseyfrankglenn" is not hearsay. It is not being used for the truth of the matter asserted regarding loving a long time.

**D-30**

The one comment by Instagram user "let_me_clarify" is not hearsay. It is not being used for the truth of the matter asserted of "Damn girl."

As a result, Plaintiff's *limine* request has no merit because none of the comments constitute hearsay. Accordingly, Plaintiff's motion should be denied.

Dated: February 18, 2018

Respectfully submitted,

_/s/ Carter Crow_
M. Carter Crow
State Bar No. 05156500
Kimberly F. Cheeseman
State Bar No. 24082809

**Norton Rose Fulbright US LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
carter.crow@nortonrosefulbright.com

*Attorneys for Defendant EOG Resources, Inc.*

## CERTIFICATE OF SERVICE

This pleading was served on the following opposing counsel in compliance with Rule 5 of the Federal Rules of Civil Procedure on February 18, 2018.

**Counsel for Plaintiffs:**

Michael A. Starzyk
April L. Walter
Matthew S. Yezierski
Megan M. Mitchell
Starzyk & Associates, P.C.
10200 Grogans Mill Rd., Suite 300

- 5 -

The Woodlands, Texas 77380
Telephone:  (281) 364-7261
Facsimile:  (281) 364-7533
mstarzyk@starzyklaw.com
awalter@starzyklaw.com
myezierski@starzyklaw.com
mmitchell@starzyklaw.com


           */s/ Kimberly Cheeseman*
           Kimberly F. Cheeseman