IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
FEB 22 2018
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| JEVAN SNEAD | § § § | |
| v. | § | NO. SA-16-CV-1134-XR |
| EOG RESOURCES, INC. | § § § | |

## DEFENDANT'S OBJECTIONS AND PROPOSED INSTRUCTIONS FOR PURPOSES OF THE RECORD

| | | |
|---|---|---|
| 1. | Exemptions: Administrative Employee Exemption | Overruled |
| 2. | Exemption: Highly Compensated Employee Exemption | Overruled |
| 3. | The Fair Labor Standards Act: Claim for Overtime | Overruled |
| 4. | Instructions on Damages | Overruled |
| 5. | Fair Labor Standards Act: Willfulness | Overruled |
| 6. | Question No. 3 | Overruled |
| 7. | Question No. 4 | Overruled |
| 8. | Question No. 6 | Overruled |

## EXEMPTIONS: ADMINISTRATIVE EMPLOYEE EXEMPTION[11]

In this case, EOG claims that, even if Plaintiff Snead was an employee of EOG, Plaintiff Snead would have been exempt from the FLSA's overtime provisions under the administrative employee exemption and/or the highly compensated employee exemption.

### Administrative Employee Exemption[12]

With respect to the administrative employee exemption, EOG must prove each of the following facts by a preponderance of the evidence:

1. Snead was compensated on a salary basis, at a rate not less than $455 per week;

2. Snead's primary duty was the performance of office or non-manual work directly related to the management or general business operations of EOG or EOG's customers; and

3. Snead's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

### Fact One: Salary Basis of at Least $455 per Week

EOG must prove that Snead was compensated on a salary basis of at least $455 per week.

Plaintiff Snead's compensation does not have to be called a "salary" to qualify.[13]

An employee will be considered to be paid on a "salary basis" within the meaning of these regulations if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.[14] An exempt employee's earnings may be computed on an hourly, daily or a shift basis.[15]

Subject to the exceptions provided below, an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked. Exempt employees need not be paid for any workweek in which they perform no work.[16] However, deductions from pay may be made when an employee is absent from work for

---

[11] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.24 Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, et seq.).
[12] 29 C.F.R. § 541.200.
[13] *See Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F. Supp. 2d 802, 809 (N.D. Tex. 2009) (explaining plaintiff's compensation could still qualify as a salary even though it was calculated hourly); *see also Souza v. Sunbelt Auto Grp., Inc.*, No. 09–CV–1103, 2010 WL 1381894, at *2 (D. Ariz. April 6, 2010) ("An employee may be labeled as hourly in the employer's books and yet actually qualify as salaried.").
[14] 29 C.F.R. § 541.602(a); see also *See Wilson v. Sys. & Processes Eng'g Corp.*, No. 10-CA-160-SS, 2010 WL 11575616, at *4-5 (W.D. Tex. Oct. 28, 2010) (Sparks, J.); *Anunobi v. Eckerd Corp.*, No. 02-CV-0820, 2003 WL 22368153, at *4-5 (W.D. Tex. Oct. 17, 2003) (Rodriguez, J.).
[15] 29 C.F.R. § 541.604(b); *see also Hughes v. Gulf Interstate Field Services*, 878 F.3d 183 (6th Cir. 2017).
[16] 29 C.F.R. § 541.602(a)(1).

one or more full days for personal reasons.[17] Furthermore, an employer is not required to pay the full salary in the first or final week of employment.[18]

In making these deductions, an employer may use the hourly or daily equivalent of the employee's full weekly salary or any other amount proportional to the time actually missed by the employee.[19]

### Fact Two:  Primary Duty, Performance of Office or Non-Manual Work

EOG must also prove that Plaintiff Snead's primary duty was the performance of office or non-manual work directly related to the management or general business operations of EOG or EOG's customers.[20]

The term "primary duty" means the principal, main, major, or the most important duty that the employee performs.  Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole. Factors to consider when determining the primary duty of Snead include, but are not limited to, the relative importance of the exempt duties as compared with other types of duties; the amount of time Snead spent performing exempt work; Snead's relative freedom from direct supervision; and the relationship between Snead's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.[21]

An employee's primary duty must be the performance of work directly related to the management or general business operations of the employer or the employer's customers. The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee.[22]

### Fact Three:  Primary Duty, Exercise of Discretion and Independent Judgment

EOG must also prove that Plaintiff Snead's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The term "matters of significance" refers to the level of importance or consequence of the work performed. The phrase "discretion and independent judgment" must be applied in the light of all the facts involved in the particular employment situation in which the question arises.[23]

---

[17] 29 C.F.R. § 541.602(b)(1).
[18] 29 C.F.R. § 541.602 (b)(6).
[19] 29 C.F.R. § 541.602(c).
[20] 29 C.F.R. § 541.201.
[21] 29 C.F.R. § 541.700(a).
[22] 29 C.F.R. § 541.201.
[23] 29 C.F.R. § 541.202.

Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to: whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.[24]

The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision. However, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. Thus, the term "discretion and independent judgment" does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review. The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action. The fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment.[25]

The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources. The exercise of discretion and independent judgment also does not include clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work.[26]


GRANTED: _____   DENIED: _____

GRANTED AS MODIFIED: _____




UNITED STATES DISTRICT JUDGE
ORLANDO GARCIA

---

[24] *Id.*
[25] *Id.*
[26] *Id.*

### EXEMPTION:  Highly Compensated Employee Exemption[27]

With respect to the highly compensated employee exemption, EOG must prove each of the following facts by a preponderance of the evidence:

1. Snead was compensated on a salary basis, at a rate not less than $455 per week, and total annual compensation was $100,000 or more;

2. Snead customarily and regularly performed any one or more of the exempt duties or responsibilities of an administrative employee, which are the following:

    a. The performance of office or non-manual work directly related to the management or general business operations of EOG or EOG's customers;

    Or

    b. The exercise of discretion and independent judgment with respect to matters of significance.

3. Snead's primary duty includes performing office or non-manual work.[28]

A high level of compensation is a strong indicator of an employee's exempt status, thus eliminating the need for a detailed analysis of the employee's job duties. Thus, a highly compensated employee will qualify for exemption if the employee customarily and regularly performs any one or more of the exempt duties or responsibilities of an administrative employee, as discussed above.[29]

An employee may qualify as a highly compensated administrative employee, for example, if the employee customarily and regularly performs offices or non-manual work directly related to the management or general business operations of the employer or the employer's customers, even though the employee does not meet all of the other requirements for the administrative exemption like exercising discretion and independent judgment on matters of significance.[30]

The phrase "customarily and regularly," means a frequency that must be greater than occasional but which, of course, may be less than constant.  Tasks or work performed "customarily and regularly" includes work normally and recurrently performed every workweek; it does not include isolated or one-time tasks.[31]

An employee who does not work a full year for the employer, either because the employee is newly hired after the beginning of the year or ends the employment before the end of the year, may

---

[27] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.24 Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, et seq.).
[28] 29 C.F.R. § 541.601.
[29] *Id.*
[30] *See Zannikos v. Oil Inspections (U.S.A.), Inc.*, 605 F. App'x 349 (5th Cir. 2015).
[31] 29 C.F.R. § 541.701.

qualify for the highly compensated employee exemption if the employee receives a pro rata portion of the $100,000 amount based upon the number of weeks that the employee has been employed.[32]


GRANTED: _____   DENIED: _____

GRANTED AS MODIFIED: _____


_____
UNITED STATES DISTRICT JUDGE
ORLANDO GARCIA

---

[32] 29 C.F.R. § 541.601

## THE FAIR LABOR STANDARDS ACT: CLAIM FOR OVERTIME [7]

Plaintiff Snead claims that Defendant EOG did not pay him the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA. The FLSA is a federal law that requires an employer to pay minimum wage and overtime wages to eligible employees. This case strictly involves a claim for overtime wages. It is unlawful for an employer to require an employee covered by the FLSA to work more than 40 hours in a workweek without paying overtime.

Defendant EOG denies Plaintiff Snead's claims and contends that it did not pay overtime because Mr. Snead was an independent contractor and not an employee. The FLSA only applies if Mr. Snead was an employee of EOG. EOG also contends that even if Mr. Snead was an employee, EOG did not have to pay him overtime because Mr. Snead fell under one of the exemptions to the FLSA's overtime requirement. Specifically, EOG contends that Mr. Snead was exempt under the administrative exemption and/or the highly compensated employee exemption.

To succeed on his claim, Plaintiff Snead must prove each of the following facts by a preponderance of the evidence:

1. Plaintiff Jevan Snead was an employee of Defendant EOG Resources, Inc. during the relevant period; and

2. Defendant EOG Resources, Inc. failed to pay Plaintiff Jevan Snead the overtime pay required by law.

**Fact One:   Determining whether Plaintiff Snead was an Employee or an Independent Contractor.**[8]

It is not always clear whether the law considers someone an "employee," and it is not always clear who the law considers someone's "employer." Some people perform services for others while remaining self-employed as independent contractors.

In this case, you must decide whether Plaintiff Jevan Snead was an employee of Defendant EOG or an independent contractor. You should answer this question in light of the economic realities of the entire relationship between the parties. There are a number of factors:

1. Who controls Mr. Snead's work. In an employer/employee relationship, the employer has the right to control the employee's work, to set the means and manner in which the work is done, and to set the hours of work. In contrast, an independent contractor generally must accomplish a certain work assignment within a desired time, but the details, means, and manner by which the contractor completes that

---

[7] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.24 Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, et seq.); *see also Pineda v. JTCH Apartments, LLC*, No. 3:13-cv-588, U.S. District Court, Northern District of Texas, "Charge to the Jury" Doc. 89 at 6 (Feb. 17, 2015).

[8] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.26 FLSA—Employee or Independent Contractor.

       assignment are determined by the independent contractor, normally using special skills necessary to perform that kind of work.

2. How Mr. Snead was paid. An employer usually pays an employee on a time-worked, piecework, or commission basis, and an employer usually provides vacation or sick time, insurance, retirement, and other fringe benefits to the employee. An independent contractor is ordinarily paid an agreed or set amount, or according to an agreed formula, for a given task or job, and no benefits are provided.

3. How much risk or opportunity Mr. Snead has. An independent contractor is generally one who has the opportunity to make a profit or faces a risk of taking a loss. But an employee is generally compensated at a predetermined rate, has no risk of loss, and has social security taxes paid by the employer.

4. Who provides Mr. Snead's tools, equipment, and supplies. An independent contractor usually provides the tools, equipment, and supplies necessary to do the job, but an employee usually does not.

5. How Mr. Snead offers his services. Independent contractors generally offer their services to the public or others in a particular industry, have procured the necessary licenses for performing their services, and may have a business name or listing in the phone book. Employees ordinarily work for only one or just a few employers, and do not have business names or listings.

6. The intent of Mr. Snead and EOG. The parties' intent is always important. But the description the parties give to their relationship is not controlling. Substance governs over form.

       You should consider all the circumstances surrounding the work relationship. An individual who performs services for pay may be either an employee or an independent contractor but cannot be both at the same time. While no single factor determines the outcome, the extent of the right to control the means and manner of the worker's performance is the most important factor.

**Fact Two: Determining Whether Defendant EOG Failed to Pay Plaintiff Snead Overtime.**[9]

       Plaintiff Snead must prove by a preponderance of the evidence that he worked more than 40 hours in any workweek where he performed work, and that Defendant EOG failed to pay him half times his regular rate of pay for the overtime hours he worked.

       A "workweek" is a regularly recurring period of seven days or 168 hours.

---

[9] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.24 Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, et seq.); *see also Rhodes v. Yumi Ice Cream Co.*, No. 6:14-cv-00218-RP, U.S. District Court, Western District of Texas, "Charge to the Jury" Doc. No. 74 at 6 (Aug. 1, 2017); *Ferrara v. 4JLJ, LLC*, No. 2:15-cv-00182, U.S. District Court, Southern District of Texas, "Court's Charge to Jury," Doc. 80 at 5-6 (Sept. 22, 2016).

You must decide what constitutes "hours worked." The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business.[10] "On-call time" does not count as hours worked when the worker is permitted or free to engage in personal activities during periods of idleness when the employee is subject to call.[11] Examples of being free to engage in personal activities includes eating, sleeping, watching television, or engaging in other recreational activities.[12] An on-call employee, however, is not required or entitled to have substantially the same flexibility or freedom as the employee would if not on call.[13] Employees who have received compensation for on-call time generally have had almost no freedom at all.[14]

If an employee works more than 40 hours in one workweek, the employer must pay the employee an overtime rate for the time he worked after the first 40 hours.[15]

GRANTED: _____   DENIED: _____

GRANTED AS MODIFIED: _____

                                                _____
                                                UNITED STATES DISTRICT JUDGE
                                                XAVIER RODRIGUEZ

---

[10] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.24 Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, et seq.).

[11] *Bright v. Houston Nw. Med. Ctr. Survivor, Inc.*, 934 F.2d 671, 677-78 (5th Cir. 1991); *see also DePriest v. River West LP*, 187 F. App'x 403, 404-05 (5th Cir. 2006); *Rousseau v. Teledyne Movible Offshore, Inc.*, 805 F.2d 1245, 1247 & n.1. 1248 (5th Cir. 1986); *Allen v. Atl. Richfield Co.*, 724 F.2d 1131, 1136-37 (5th Cir. 1984).

[12] *Bright*, 934 F.2d at 677-68; *Rousseau*, 805 F.2d at 1248; *Allen*, 724 F.2d at 1337.

[13] *DePriest*, 187 F. App'x at 405 ("Under the FLSA, an on-call employee is not entitled to have substantially the same flexibility or freedom as he would if not on call and is not entitled to payment for on-call time if he is able to use it effectively for personal purposes, such as eating, sleeping, watching television, or engaging in other recreational activity." (internal quotation marks omitted)).

[14] *Halferty v. Pulse Drug Co., Inc.*, 864 F.2d 1185, 1190 (5th Cir. 1989) ("Employees who have received compensation for idle time generally have had *almost no freedom at all.*" (emphasis added)).

[15] *Cowart v. Ingalls Shipbuilding, Inc.*, 213 F.3d 261, 263-64 (5th Cir. 2000).

## INSTRUCTIONS ON DAMAGES

If you find that Plaintiff Snead was an employee who was non-exempt and owed overtime, then the Court, at a later time, will determine the amount of any damages using your answers to the following questions. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Snead has proved he is owed overtime.[26]

To aid the Court in its determination, you must decide how many overtime hours, if any, that Plaintiff Snead has shown he worked without receiving overtime compensation.[27]

You must also decide whether payment of the $150 truck rate was intended to compensate Plaintiff Snead for different work from the $300 and whether it was paid on a day basis.[28]

Plaintiff Snead's burden is to prove the number of hours he worked by a just and reasonable inference. If you find that Plaintiff Snead has shown the number of hours worked by a just and reasonable inference, the burden then shifts to the Defendant EOG to come forward with either evidence of the precise amount of work performed or evidence to rebut the reasonableness of the inference to be drawn from the employee's evidence. If the Defendant EOG fails to produce such evidence, you may then award damages to the Plaintiff Snead, even though the result may be approximate. Testimony that amounts to mere speculation, however, is insufficient to prove the number of hours worked in a given workweek.[29]

GRANTED: _____    DENIED: _____

GRANTED AS MODIFIED: _____

_____
UNITED STATES DISTRICT JUDGE
XAVIER RODRIGUEZ

---

[26] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.24 Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, et seq.); *Bollschweiler v. El Paso Electric Co.*, No. 14-cv-275, U.S. District Court, Western District of Texas, "Court's Instruction to the Jury," Doc. 78 at 15 (Nov. 13, 2015); *see also Pineda v. JTCH Apartments, LLC*, No. 3:13-cv-588, U.S. District Court, Northern District of Texas, "Charge to the Jury" Doc. 89 at 16 (Feb. 17, 2015).

[27] *Pineda v. JTCH Apartments, LLC*, No. 3:13-cv-588, U.S. District Court, Northern District of Texas, "Charge to the Jury" Doc. 89 at 16 (Feb. 17, 2015).

[28] *See* 29 C.F.R. § 778.112; 29 C.F.R. § 779.115; Doc. 83, Court's Order Denying in Part and Granting in Part Plaintiff's Partial Motion for Summary Judgment at 8-9; *see Bunday v. Suncoast Beverage Sales, LLP*, No. 08-cv-00769, 2009 WL 10670167, at *6-7 (S.D. Fla. Sept. 18, 2009); *Powell v. Carey Int'l Inc.*, 514 F. Supp. 2d 1302, 1312–1318 (S.D. Fla. 2007).

[29] *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-88 (1946); *Von Friewalde v. Boeing Aerospace Ops., Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009).

## FAIR LABOR STANDARDS ACT—WILLFULNESS[16]

In the event you determine that EOG is liable, you must determine whether Plaintiff Snead has proven that EOG willfully violated the FLSA. The word "willful" has a legal meaning of which I will instruct you in a moment.

If EOG is liable, Plaintiff Snead is entitled to recover overtime pay from the time he stopped working for EOG, back no more than two years before he filed this lawsuit, unless you find EOG's violation to be willful. If you find EOG willfully violated the FLSA, Plaintiff is entitled to recover overtime pay from the time he stopped working for EOG, back no more than three years before the date he filed this lawsuit.[17]

To show willfulness, Plaintiff Snead must prove by a preponderance of the evidence that EOG had actual knowledge that its pay structure violated the FLSA or it showed reckless disregard.[18] Willful refers to conduct that is voluntary, deliberate, and intentional.[19]

Mere knowledge of the FLSA and its potential applicability does not suffice, nor does conduct that is merely negligent or unreasonable.[20] Thus, merely acting negligently or unreasonably is insufficient to establish willfulness.[21] Additionally, a good faith, but incorrect, assumption that a pay plan complied with the FLSA is not enough to show that a violation was willful.[22]

An employer who acts without a reasonable basis for believing that it was complying with the FLSA is merely negligent.[23] So too is an employer who fails to seek legal advice regarding its payment practices.[24]

You should not interpret the fact that I have given instructions about willfulness as an indication in any way that I believe that Plaintiff Snead should, or should not, win this case.[25] It is your task first to determine whether EOG is liable. I am instructing you on the willfulness issue only so that you will have guidance in the event you decide that EOG is liable and that Plaintiff Snead is entitled to recover money from EOG.

---

[16] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.18 ADEA Damages, Willful Charge.
[17] 29 U.S.C. § 255.
[18] 29 U.S.C. § 255; *Zannikos*, 605 F. App'x at 360; *Halferty v. Pulse Drug Co.*, 826 F.2d 2, 3-4 (5th Cir. 1987); *Peters v. City of Shreveport*, 818 F.2d 1148, 1167-68 (5th Cir. 1987).
[19] *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Dalheim v. KDFW-TV*, 706 F. Supp. 493, 511 (N.D. Tex. 1988), *aff'd*, 918 F.2d 1220 (5th Cir. 1990)).
[20] *Zannikos*, 605 F. App'x at 360.
[21] *Id.*; *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 (5th Cir. 1990) (citing *McLaughlin*, 486 U.S. at 135); *see also McLaughlin*, 486 U.S. at 135, n. 13.
[22] *Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F. Supp. 2d 802, 809 (N.D. Tex. 2009) (quoting *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 924 (E.D. La. 2009)).
[23] *Zannikos*, 605 F. App'x at 360.
[24] *Id.*
[25] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.18 ADEA Damages, Willful Charge.

### Question No. 3[49]

Has Defendant EOG proved that Plaintiff Snead was exempt from the overtime pay requirement as an administrative employee?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 3, then please proceed to the last page and sign and date the verdict form.

If you answered "No" to Question No. 3, then please proceed to Question No. 4.

GRANTED: _____   DENIED: _____

GRANTED AS MODIFIED: _____

<br>

UNITED STATES DISTRICT JUDGE
ORLANDO GARCIA

---

[49] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.24 Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, et seq.); *Elliott v. Dril-Quip, Inc.*, No. 4:14-1743, U.S. District Court, Southern District of Texas, "Jury Charge" Doc. No. 49 at 11 (Sept. 8, 2016).

29541610.1                                - 22 -

## Question No. 4[50]

Has Defendant EOG proved that Plaintiff Snead was exempt from the overtime pay requirement as a highly compensated employee?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 4, then please proceed to the last page and sign and date the verdict form.

If you answered "No" to Question No. 4, then please proceed to Question No. 5.


GRANTED: _____    DENIED: _____

GRANTED AS MODIFIED: _____


_____
UNITED STATES DISTRICT JUDGE
ORLANDO GARCIA

---

[50] Pattern Jury Instructions, Civil Cases, Fifth Circuit, District Judges Association, 2014 Edition with Revisions through October 2016, 11.24 Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, et seq.); *Elliott v. Dril-Quip, Inc.*, No. 4:14-1743, U.S. District Court, Southern District of Texas, "Jury Charge" Doc. No. 49 at 11 (Sept. 8, 2016).

**Question No. 6**[36]

Did Plaintiff Snead prove that the $150 truck rate was not for use of Plaintiff's vehicle? This answer will be used by the Court in calculating how much overtime pay Snead is owed.

Answer "Yes" or "No."

_____

The foreperson should sign the form of the verdict on the last page.

GRANTED: _____    DENIED: _____

GRANTED AS MODIFIED: _____

_____
UNITED STATES DISTRICT JUDGE
XAVIER RODRIGUEZ

---

[36] *See* 29 C.F.R. § 778.112; 29 C.F.R. § 779.115; Doc. 83, Court's Order Denying in Part and Granting in Part Plaintiff's Partial Motion for Summary Judgment at 8-9; *see Bunday v. Suncoast Beverage Sales, LLP*, No. 08-cv-00769, 2009 WL 10670167, at *6-7 (S.D. Fla. Sept. 18, 2009); *Powell v. Carey Int'l Inc.*, 514 F. Supp. 2d 1302, 1312–1318 (S.D. Fla. 2007).